UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

**UNITED STATES,**

Plaintiff,

-against-

**RAFAEL BARRIOS,**

Defendants.

---------------------------------------------------------------------- X

**NOTICE OF MOTION**

***Docket No.: 07-CRIM-658***

**PLEASE TAKE NOTICE**, that, upon the annexed affidavit of **TONI MARIE ANGELI, ESQ.,** the undersigned will move this Court, on behalf of defendant Rafael Barrios, on the 12th day of October, 2007, at 9:30 a.m. at the United States Courthouse located at 100 Federal Plaza, Central Islip, New York, presiding, for the following relief pursuant to Rules 7, 12, 14, 15 and 16 of the Federal Rules of Criminal Procedure:

I. An Order, pursuant to Rule 16, for further discovery;

II. An Order, pursuant to Rule 403 and 404, requiring the government to disclose all evidence of other crimes, wrongs or acts intended to be used by the government at trial;

III An Order, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and it progeny, directing the government to produce all information which tends to exculpate the defendant;

IV. An Order, for a Hearing to determine whether police officers violated Mr. Barrios' Constitutional rights when they made forcible entry into, and warrantless search of, Mr. Barrios' vehicle;

V. An Order, pursuant to Rule 12(b)(3)( c) suppressing Mr. Barrios' post arrest oral and or written statements;

VI An Order, pursuant to Rule 12(b)(3)( c) suppressing the use at trial of property seized incident to Mr. Barrios' arrest and the search of his vehicle;

VII. An Order, granting the defendant, RAFAEL BARRIOS, permission to make such further and/or additional motions as counsel may deem appropriate;

VIII. And for such other and further relief as to this Court may seem just and proper.

Dated:  Garden City, New York
October 1, 2007

Respectfully submitted,

**LAW OFFICES OF BRUCE A. BARKET, P.C.**

By: Toni Marie Angeli, Esq.
*Attorneys for RAFAEL BARRIOS*
666 Old Country Road
Suite 600
Garden City, New York  11530
(516) 745-0101

TO: CLERK OF THE COURT
Southern District of New York
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007


HONORABLE DENISE L. COTE
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007


DAVID O'NEIL
Assistant United States Attorney
United States Attorney's Office
500 Pearl Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

**UNITED STATES,**

Plaintiff,

-against-

**RAFAEL BARRIOS,**

Defendants.

------------------------------------------------------------------------ x

**NOTICE OF MOTION**

***Docket No.: 07-CRIM-658***

**TONI MARIE ANGELI,** an attorney duly admitted to practice law in the Courts of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York, affirms to the truth of the following:

1. That I am the attorney for the defendant **RAFAEL BARRIOS.**

2. That as counsel for the defendant, I am familiar with the facts of this case.

3. That I have reviewed the discovery material provided to me as of date.

4. That certain items of discovery may not yet have been obtained by the government to then be provided to the defense. This may necessitate further or supplemental motions to be filed.

5. That I make the statements and requests herein in order to be able to adequately defend my client and prepare for trial.

## PRELIMINARY STATEMENT

6. Defendant Rafael Barrios submits this memorandum of law in support of the motions set forth in his Notice of Motion dated October 1, 2007 and requests that the Court grant the relief therein requested. The statement of facts is incorporated by reference into each portion of this memorandum of law in support of the motions set forth in defendant's Notice of Motion.

## STATEMENT OF FACTS

7. On March 30, 2007, three NYPD police officers, traveling in an unmarked vehicle, stopped and approached a group of four men standing on Prospect Street in the Bronx, New York. According to the complaint, the officers observed the men holding cups of some sort in their hands and suspected violations of the prohibition against drinking alcohol from an open container. (See Exhibit A, Criminal Complaint). According to Police Officer William O'Donnel's sworn statement, the men were standing next to a Chrysler, which was later determined to be registered to the defendant, Rafael Barrios. (See Exhibit A, Criminal Complaint; Exhibit B, Property Clerk's Motor Vehicle; Boat Invoice). In contrast, according to civilian witnesses at the scene, the men were standing near a different vehicle, a dark car – not the Chrysler registered to the defendant – at the time the officers arrived on Prospect Street. (See Exhibit C, Declaration of Marquis Trayham; Exhibit D, Declaration of Louis Ureana) Upon approaching the men, Officer William O'Donnell provided sworn testimony to the following: that the defendant was observed tossing what may have been a handgun underneath the Chrysler; the defendant was then placed under arrest; and, thereafter, that a handgun was recovered from underneath the Chrysler. (See Exhibit A, Criminal Complaint). The declaration of civilian

witnesses present at the scene, however, asserts with certainty that what appeared to be a handgun was recovered from underneath a different vehicle – a dark car – and *not the Chrysler* owned by defendant Rafael Barrios. (See Exhibit C, Declaration of Marquis Trayham; Exhibit D, Declaration of Louis Ureana).

8. Subsequent to placing Mr. Barrios in handcuffs and prior to taking him to the precinct and reading him his Miranda rights, law enforcement questioned Mr. Barrios and he is alleged to have provided answers. (See Exhibit A, Complaint; Exhibit E, Declaration of Rafael Barrios). Each of the men, including Rafael Barrios, received a summons for drinking an alcoholic beverage out of an open container (See Exhibit F, Rafael Barrios Summons for Open Container of Alcohol violation.

9. Subsequent to Mr. Barrios being brought to the precinct for processing, and the keys to the Chryler being recovered from the defendant's person, law enforcement returned to Prospect Street, at which time the defendant's vehicle was searched and seized. (See Exhibit A, Complaint; Exhibit C, Declaration of Marquis Trayham; Exhibit D, Declaration of Louis Ureana). According to the sworn statement provided by Officer William O'Donnell, the vehicle was unlawfully parked with the rear portion of the vehicle intruding into a bus stop. (See Exhibit A, Complaint). In contrast, civilian witnesses emphatically assert that the vehicle was *not unlawfully parked* in the bus stop, but parked some feet beyond the area designated for the bus stop. (See Exhibit C, Declaration of Marquis Trayham; Exhibit D, Declaration of Louis Ureana)

10. A loaded firearm was recovered from underneath a vehicle parked on Prospect Street. (See Exhibit A, Complaint). Marijuana was recovered from the defendant's person. (See Exhibit A, Complaint). Narcotics and other physical evidence were recovered from inside the

trunk of the vehicle. (See Exhibit A, Complaint).

11. The criminal complaint and indictment makes clear that law enforcement did not observe Mr. Barrios, or any of the individuals near him, inside the black Chrysler at any time. The criminal complaint makes clear that law enforcement did not observe Mr. Barrios, or any of the individuals near him, accessing the trunk to the Chrysler at any time.

## I. DISCOVERY

12. The defendant recognizes that the government has already supplied him with substantial material, and may have complied with it's obligations pursuant to Rule 16. However, in order to protect the defendant's rights to full and complete discover, pursuant to Rule 16 F.R.Cr.P. we request that the Court direct the government to provide discovery as follows:

A. The substance of any oral statement(s) which the government intends to offer in evidence at trial which were made by any defendant, whether before or after arrest or indictment, in response to interrogation by any person then known to be a government agent. Fed. R. Crim. P. 16(a) (1) (A).

B. The identity of each of the person(s) present at the time any oral statement referred to in Request "A" was made.

C. Any statement, confession or admission, or the substance of any oral statement, relating to directly or indirectly to the charges in this case, made by any defendant to investigating officers or to third parties. This request includes any statement or admission which may have been incorporated in any report, memorandum, transcript, or other document recording prepared by federal, state or local government agents or attorneys, or by any other person working in conjunction with such agents or attorneys; statements made by defendants to third parties who then made statements to the government in which the defendants' remarks were repeated or reported, and statements made by any agent, co-conspirator of any defendant to government officers or attorneys that the government considers to be a statement made by defendant.

D. All books, papers, documents, photographs, tangible objects, pen registers, buildings or places, or copies or portions thereof (hereinafter referred to as "documents"), which were obtained from or belong to any defendant or co-conspirator in this case, including any corporation, partnership or other business entity in which any defendant or co-conspirator has an ownership interest or which were obtained in the course of any seizures in this investigation.

E. All documents which the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. 16 (a)(1)(C). This includes not only those items which will be marked and offered into evidence, but all of those documents that will be relied on or referred to in any way by any witness called by the government during its case in chief and to impeach any defendant or any defense witness. United States v. Turkish, 458 F. Supp. 874, 882 (S.D.N.Y. 1978). We request that any documents in this category be specifically identified from among the mass of documents that should be produced pursuant to defendants' Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford defendants an opportunity to move to suppress any evidence the government intends to use in its case in chief. See Fed. R. Crim. P. 12(b) (3) and 12(d) (2).

F. The substance of any oral statements made by the defendant or co-conspirators indicted or unindicted, whether before or after the arrest -

(a) During a conversation with any person who was a government agent and/or informer, or who is now a government witness; or

(b) In response to interrogation by any person then known to the defendant to be a government agent. This request is designed to reach those statements by the defendant which may not have been preserved in any writing or recording. This request also seeks discovery of the time, place and circumstances of such statements.

G. Any and all recordings, including consensual recordings and transcripts thereof of conversations of the defendant or a co-conspirator(s), indicted or unindicted, concerning any matters relating to this case.

(a) As to all tape recordings made in this case, please advise us as to the following matters:

(i) Were the tapes consensually recorded?

       (ii)    Specify where the microphone was attached to the cooperating individual? Was there a manual switch on the cooperating individual?

H.    A copy, if any, of any government forms regarding statements by any co-conspirator(s), indicted or unindicted, concerning his personal history.

I.    Provide a list of all property seized from the defendant or from any co-conspirator(s), indicted or unindicted, from his (their) residence at the time of his (their) arrest or any other time, and provide inspection of such items, if any.

J.    A copy of all "returns" for all search warrants.

K.    State whether the government intends to offer at trial any evidence or prior criminal conduct or prior bad acts as to the defendant or any co-conspirator, indicted or unindicted.

L.    If the government expects to call any witness to give expert testimony at either trial or hearings whether relating to substantive evidence, probable cause, etc., provide all training, treaties, experiences and writings of the witness (Fed. R. Evid. §705), provide all prior statements in these areas of expertise, e.g., testimony of prior proceedings.

M.    Set forth a list of all property claimed by the government to be property of the defendant. Provide copies of documents which seek forfeiture or other restraints on the property along with all documents seized or otherwise in the government's possession relating to the purchase of, ownership of or connecting the defendant to said property. See, United States v. Morales, 737 F.2d 761 (8th Cir. 1984).

N.    Provide a list of all property seized on this matter, whether or not it is to be introduced at trial.

O.    All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof that were conducted in connection with any investigation of the charges contained in the indictment, Fed. R. Crim. P. 16(a) (1) (D), including but not limited to:

(1) All polygraph examinations, psychological stress evaluations, hypnotic procedures or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness's memory, and all documents that refer or relate to such examinations.

P. Provide copies of all court documents relating to any government witness's prior charges. This should include but is not limited to indictments, complaint, certified dispositions, testimony in prior proceedings, whether such charges were federal or state.

Q. We request that the government be directed to provide a list of the names and addresses of all witnesses that the government intends to call in its case in chief.

R. We request that the government be directed to disclose at this time all statements or reports in its possession made by the government witnesses or prospective government witnesses, pursuant to 18 U.S.C. §3500 (Jencks Act) and Rule 26.2 of the Federal Rules of Criminal Procedure.

S. Provide copies of any audio or video tapes prepared in connection with this case or the investigation.

T. Provide copies of any laboratory or field tests that were performed.

U. Provide copies of all surveillance or other photographs obtained or used during the course of the investigation.

V. Provide signed copies of orders, affirmations, affidavits, memorandum or other documents in which a copy has been furnished but without a signature.

W. Provide all documentation, including copies of any audio or video tapes, sprints reports, search of department of motor vehicle records or any other transcriptions that document any and all law enforcement communications/transmissions/radio runs/computer searches that were transmitted/conducted in relation to this case.

## III. DISCLOSURE

13. Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a) (1) (C) of the Federal Rules of Criminal Procedure and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that the government be directed to disclose all evidence of other or similar crimes, wrongs or acts allegedly committed by any defendant upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, or likely source of income.

## IV. BRADY MATERIAL

14. Wholly separate and apart from the above requests are the following demands made pursuant to Kyles v. Whitely, 115 S. Ct. 1555 (1995), Brady v. Maryland, and its progeny, including, but not limited to:

a. Any and all information within the knowledge of the government, or which should be within its knowledge by the exercise of due diligence which may affect in any way the credibility of any and all government's witnesses.

b. Any and all conversations, recorded or otherwise, wherein defendant's own statements are exculpatory in nature (or any statements) of any defendant or prospective witness.

c. Whether any person to be called as a witness by the government is known, or with due diligence could be known, by the government to:

1. Have been charged with a crime;

2. Have been convicted of crime;

3. Is or has been under psychiatric care or treatment;

4. Is or has been in drug or alcoholic abuse care or treatment. If the answer to any of the aforementioned is in the affirmative, identify the crime or substance and the treatment received with specificity as to time, place and duration.

d. Any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to the "rap sheets," of each witness the prosecutor intends to call at trial.

e. Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the prosecutor intends to call at trial.

f. Any and all information relating to State Court criminal cases in which the

        government's witnesses have been or are presently involved as defendants or witnesses, including any and all underlying documentation, i.e., docket number, indictment number, offenses charged, affidavits, etc.

g.     Pursuant to the mandates of United States v. Roviaro, 353 U.S. 53 (1957) and United States v. Saa, 859 F.2d 1067 (2d Cir. 1988), we would request that you make available all witnesses so that we may question them as to whether they will consent to be interviewed by us.

h.     Any and all consideration or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on behalf of any witnesses the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness at any future time.

i.     Any and all statements - formal and informal, oral or written - by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action - state or federal, civil or criminal - or immigration matters against the witness, or anyone related by blood or marriage to the witness. Provide copies of all letters of communication to prosecutors, judges, or other law enforcement agencies; the dates of all oral communications, the specific charges, indictments, etc., which those witnesses have pending.

j.     All proposed agreements with any witness to testify at any trial or before any grand jury including any drafts of such agreements to testify. All documents, reports, memoranda or correspondence, relating to any such proposed agreement to testify.

k.     Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness the prosecutor intends to call at trial; criminal prosecution investigations or potential prosecutions pending or which could be brought against any such witness; any probationary, parole deferred prosecution or custodial status of any such witness; and any civil, tax court, court of claims, administrative or other pending or potential legal disputes or transactions involving any such witness; and the state or federal government, or over which the state or federal government has real, apparent or perceived influence.

l. The existence and the identification of each occasion on which a witness has testified before any court, grand jury, or other tribunal or body, or otherwise officially narrated in relation to the defendants, the investigation or the facts of this case.

m. Any judicial proceedings in any criminal cases involving (as a witness, unindicted co-conspirator, aider or abettor, or defendant) any person who is a potential prosecution witness at the trial in this action.

n. Any statements or documents, including, but not limited to, grand jury testimony and federal, state and local tax returns made or executed by and potential prosecution witness at the trial in this action which the prosecution knows, or through reasonable diligence, should have reason to know is false.

o. The existence of identification of each occasion on which a witness or an informer, accomplice, co-conspirator, co-schemer, or expert has testified before any court, grand jury or other tribunal body.

p. A copy of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness the prosecutor intends to call at trial which may arguably affect the witness's credibility, ability to perceive or relate to recall events.

q. Any written or oral statements, whether or not reduced to writing, made by any potential prosecution, witness which in any way contradicts or is inconsistent with or different from other oral or written statements he/she has made, and any statement made by any person, whether a witness or not, which in any way contradicts, or is inconsistent with or different from any statement made by a prosecution witness.

r. Any requests prepared by the prosecution for permission to grant immunity or leniency for any witness, whether or not such request was granted.

s. Any information given before the grand jury which exculpates, or tends to exculpate, any defendant, or which may lead to exculpatory evidence.

t. Any contradictory or inconsistent statements made by or to any law enforcement agents, including prosecutors, by individuals who provided information connected

to the crimes charged in this Indictment, whether or not the government intends to call such person at the trial. Specifically, any information that has been provided to the government or its' agents tending to indicating that an individual(s) other than the defendant committed the crimes for which he has been indicted.

## V. **DEFENDANT REQUESTS HEARING TO LITIGATE THE CONSTITUTIONALITY OF SEARCH AND SEIZURE OF HIS VEHICLE**

16. On March 30, 2007, law enforcement arrested Mr. Barrios, and subsequent to that arrest, asked questions prior to the issuance of Miranda warnings and made warrantless search and seizure of his vehicle. The defense asserts that the seizure and search of defendant's vehicle was impermissible under New York State Law, under Federal Law and unsupported by probable cause and, therefore, all fruits flowing therefrom must be suppressed as tainted fruits of that illegality.[1] It is the defense position, that: (1) Mr. Barrios had a legitimate expectation of privacy in the vehicle owned by, and registered to, him, (2) the escalating encounter with the police was unreasonable under Fourth Amendment standards, (3) statements by Mr. Barrios occurred in a police dominated atmosphere that was aggressive, coercive, and impermissible in duration, (5) police officers lacked probable cause, statutory authority or an exigency exception to permit the seizure and search of defendant's vehicle, and (6) all testimonial and tangible evidence subsequent to the search of the vehicle are tainted fruits of that impermissible search and seizure

---

[1] While the defense concedes that procedures governing the admissibility of evidence in a federal criminal prosecution normally require the Court to apply federal law, see, e.g., Preston v. United States, 376 U.S. 364 (1964); United States v. Sotomayor, 592 F.2d 1219, 1223-24 (2d Cir.) (collecting cases), cert. denied, 442 U.S. 919 (1979), our Circuit has noted in dicta that a state's more stringent statutory requirements might be applied in a federal prosecution if those requirements are more substantive than procedural. see e.g., United States v. Sotomayor, 592 F.2d 1219, cert. denied, 442 U.S. 919 (1979).

in contravention of New York State Law and the Fourth Amendment. See Wong Sun v. United States, 371 U.S. 471 (1963; Miranda v. Arizona, 384 U.S. 436 f(1966); Crane v. Kentucky, 476 U.S. 683 (1985); United States v. Place, 462 U.S. 696 (1983); People v. Galak, 80 N.Y.2d 715, 719, 594 N.Y.S.2d 689, 610 N.E.2d 362 (1993); South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); People v. Quackenbush, 88 N.Y.2d 534, 539, 647 N.Y.S.2d 150, 670 N.E.2d 434 (1996); People v. Galak, 80 N.Y.2d 715, 719, 594 N.Y.S.2d 689, 610 N.E.2d 362 (1993).

16. A defendant has standing to contest an illegal search if he has a subjective expectation of privacy in the area searched that society considers objectively reasonable. Katz v. United States, 389 U.S. 347 (1967). Here, defendant clearly has an expectation of privacy in the black Chysler, as DMV records establish that it is registered to the defendant. Mr. Barrios, who had keys to that vehicle on his person, clearly had a legitimate expectation of privacy and, therefore, standing to controvert the search conducted therein. (See Exhibits A thru F).

17. While the Supreme Court has held that the police are not required to seek alternatives to impoundment in order to satisfy the Fourth Amendment ( Colorado v. Bertine, 479 U.S. 367 [1987] ); People v. Turner, 91 A.D.2d 646 (2d Dept.1982) ), that does not relieve law enforcement of its burden to show that such impoundment was proper. Colorado v. Bertine, 479 U.S. 367 (1987); People v. Turner, supra; People v. Grear, 232 A.D.2d 58 (2d Dept, 1996) appeal den 89 N.Y.2d 923 (1996). "Impoundment violates the Fourth Amendment unless it is supported by probable cause to believe that the car is connected to criminal activity of it furthers police 'community care-taking functions' such as safeguarding the streets from traffic congestion, parking violations, or road hazards." People v. Francis, 819 N.Y.S.2d 393 (N.Y.Co.Ct., 2006)

citing, South Dakota v. Opperman, 428 U.S. 364 (1976). Here, in determining whether the tangible property was lawfully seized during an inventory search, this Court must first decide whether the Police had the authority to impound the car in the first instance. People v. Quackenbush, 88 N.Y.2d 534, 539, 647 N.Y.S.2d 150, 670 N.E.2d 434 (1996). In determining whether tangible property was lawfully seized during an inventory search, and not a ruse for general rummaging in an attempt to discover incriminating evidence, a court must first decide the distinct, though overlapping, issues of whether the police had authority to impound the car in the first instance and that the inventory search that followed was consistent with established procedures that limits the conduct of individual officers and assures that such searches are conducted consistently reasonably. In this case, a hearing is necessary to determine contested issues of material fact relevant to the propriety and legality of the search and seizure of Mr. Barrios' vehicle on March 30, 2007.

## VII. DEFENDANT MOVES TO SUPPRESS STATEMENTS

18. The government has asserted that statements were allegedly made to law enforcement by Mr. Barrios after police officers arrested the defendant and made a warrantless search of his vehicle. Mr. Barrios moves to suppress those alleged statements and to preclude testimony regarding those alleged statements on grounds that he did not knowingly, voluntarily and intelligently waive his Fifth Amendment privilege against self-incrimination prior to making any statements to law enforcement and that questioning by NYPD officers was impermissible in that it was designed to elicit an incriminating response in violation of New York State and Federal principles of law. In addition, Mr. Barrios asserts that law enforcement began

interrogating him without the benefit of him being advised of his *Miranda* rights. See Fed. R. Crim. Pro 12(b)3, the Fifth, Sixth and Fourteenth Amendments of the United States Constitution; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Berkemer v McCarty, 468 US 420 (1984); California v Beheler, 463 US 1121 (1983); Rhode Island v Innis, 446 US 291 (1980); United States v. Bottone, 365 F2d 389 ( 2d Cir. 1966); 1 LaFave and Israel, Criminal Procedure §§ 6.6, at 105 (1991 Pocket Part).

19. Before a confession of a defendant in a criminal case is allowed into evidence the Court must hold a hearing to determine if the confession was voluntary. See 18 U.S.C. § 3501(a). The Court's consideration when conducting such a hearing is set forth in 18 U.S.C. § 3501(b):

> The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

20. Here, based on the facts of the case and the criminal court complaint, it is clear that the defendant was placed in handcuffs, and subjected to questioning, at the inception of his interactions with law enforcement. It is submitted that the defendant was subjected to an aggressive police dominated atmosphere, and that any statements flowing therefrom were involuntary, in response to questioning designed to elicit an incriminating response, and procured without defendant's advisement of his right to be silent. As such, Mr. Barrios requests an

evidentiary hearing to suppress post arrest statements allegedly taken by law enforcement, or in the alternative, to litigate the admissibility of any such statements pursuant to Title 18, United States Code, Section 3501.

**VIII. PERMISSION TO FILE ADDITIONAL MOTIONS**

21. We request an Order granting the defendant permission to file additional motions subsequent to the response to the instant motions, any newly discovered material, and the Court's decision.

**XI. FURTHER AND OTHER RELIEF**

22. We request an Order granting the defendant such other and further relief as this Court may deem just and proper.

**WHEREFORE**, the affiant respectfully requests this Court to grant the relief sought herein and reserve to defendant the right to amend or supplement this motion for such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
October 1, 2007

**LAW OFFICES OF BRUCE A. BARKET, P.C.**

BY: Toni Marie Angeli
*Attorneys for RAFAEL BARRIOS*
666 Old Country Road
Suite 600
Garden City, New York 11530
(516)745-0101