Approved: _____
DAVID A. O'NEIL
Assistant United States Attorney

Before:    HONORABLE RONALD L. ELLIS
           United States Magistrate Judge
           Southern District of New York

**07 MAG    639**

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :    COMPLAINT

            -v-                 :    Violation of
                                     21 U.S.C. §§ 812, 841(a)(1),
                                :    841(b)(1)(C), and 18 U.S.C. §
                                     924(c)(1)(A)(i)

RAFAEL BARRIOS,                 :
                                     COUNTY OF OFFENSE:
            Defendant.          :    BRONX

- - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        WILLIAM O'DONNELL, being duly sworn, deposes and says
that he is a Police Officer with the New York City Police
Department ("NYPD"), and charges as follows:

                            COUNT ONE

        1.    On or about March 30, 2007, in the Southern
District of New York, RAFAEL BARRIOS, the defendant, unlawfully,
intentionally, and knowingly did distribute and possess with
intent to distribute a controlled substance, to wit, mixtures and
substances containing a detectable amount of cocaine, in the
trunk of his car.

            (Title 21, United States Code, Sections 812,
                841(a)(1), and 841(b)(1)(C).)

                            COUNT TWO

        2.    On or about March 30, 2007, in the Southern
District of New York, RAFAEL BARRIOS, the defendant, unlawfully,
willfully, and knowingly, during and in relation to a drug
trafficking crime for which he may be prosecuted in a court of
the United States, namely, the offense charged in Count One of

                                                    00004

this Complaint, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a loaded 9 millimeter IM-Metal HS2000 semi-automatic pistol, which BARRIOS possessed and carried while standing outside of his car.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

3.    I am a Police Officer with the NYPD, and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my conversations with other law-enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.    Based on my conversations with those law enforcement agents, I am aware of the following:

    a.    On or about March 30, 2007, three NYPD officers were patrolling the 42nd Precinct in an unmarked car. While traveling northbound on Prospect Avenue in the Bronx, New York, they spotted four men standing next to a car, a Chrysler 300M, that was parked with its rear extending into a bus stop.

    b.    The officers saw that a bottle of liquor was on top of the car, and that the four men were holding plastic cups.

    c.    Officer-1 told the driver of the unmarked police car (Officer-2) to stop in order to investigate whether there were grounds to issue a summons for an open container violation.

    d.    Officer-1 then exited the car and walked toward the parked Chrysler. When he reached the car, he saw RAFAEL BARRIOS, the defendant, reach into the waistline of his pants and pull out a black object. BARRIOS then dropped the object underneath the car. Based on the size and shape of the object that BARRIOS had withdrawn from his waistline, as well as the sound that it made when it hit the pavement, Officer-1 believed that the

-2-

00005

object was in fact a gun. Officer-1 then placed the defendant in handcuffs and retrieved the gun, which he discovered was loaded.

e. Officer-2 and a third offficer (Officer-3) told the other three men standing around the Chrysler to place their hands on the car. Officer-2 and Officer-3 then conducted a protective frisk to determine whether the other men were also carrying weapons.

f. Officer-1 noticed that the right rear door of the Chrysler was ajar. He asked the men, including BARRIOS, who owned the car. All of the men stated that they did not own the Chrysler and did not know to whom it belonged.

g. The officers asked the men for identification. The three men other than BARRIOS provided New Jersey driver's licenses. BARRIOS told Officer-1 that he did not have an identification on his person and that his name was "Joel Bennett."

h. Officer-1 next ran a search to determine who the Chrysler, which bore New Jersey license plates, was registered to. According to a check of motor vehicle records, the Chrysler was registered to "Rafael Barrios," with a home address in New Jersey.

i. Officer-2 walked BARRIOS to the unmarked patrol car. Before he was placed in the car, BARRIOS said, in sum and substance, "Damn, you got me."

J. BARRIOS was transported to the 42nd precinct where he was processed. Once there, Officer-1 conducted a search of BARRIOS incident to the arrest. During that search, Officer-1 found in BARRIOS's pocket a driver's license issued to "Rafael Barrios." The license bore the photograph of RAFAEL BARRIOS, the defendant, and indicated that his home address was the same as the address on the Chrysler registration. Officer-1 also found in the defendant's pocket two bags containing marijuana.

k. In addition, Officer-1 found in BARRIOS's pocket a set of keys containing one large key. Officer-1 asked BARRIOS what the large key was for, and BARRIOS responded that it was for a Chrysler Sebring. Officer-1 then notified his supervisor that he believed the key was in fact for the Chrysler 300M that BARRIOS claimed he did not own. The supervisor instructed two other

00006

officers to retrieve the car to protect the possessions inside and because it was parked in a bus stop.

1.    Officer-1 conducted an inventory search of the car. In the trunk of the car, he found a plastic envelope containing a package of compressed white powder.  He also found a box of ziploc bags.

5.    Based on my review of records prepared in connection with the arrest of RAFAEL BARRIOS, the defendant, I have learned that the firearm BARRIOS was carrying is an IM-Metal HS2000 9 millimeter semi-automic handgun.  According to those records, the gun was loaded at the time Officer-1 vouchered it.

6.    I have reviewed a Substance Analysis Report prepared by the NYPD laboratory that states that the substance in the clear envelope Officer-1 found in the trunk of the Chrysler registered to BARRIOS contains approximately 496 grams of cocaine of a purity of 64.4%.

WHEREFORE, deponent prays that a warrant be issued for the arrest of RAFAEL BARRIOS, the defendant, and that the defendant be imprisoned or bailed, as the case may be.

_____
WILLIAM O'DONNELL
Police Officer
New York Police Department

Sworn to before me this
24th day of April 2007

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK


RONALD L. ELLIS
United States Magistrate Judge
Southern District of New York

00007