LAW OFFICES OF
# BRUCE A. BARKET, P.C.
*Attorneys at Law*

666 OLD COUNTRY ROAD
SUITE 600
GARDEN CITY, NEW YORK 11530

BRUCE A. BARKET

TONI MARIE ANGELI

(516) 745-0101
FAX (516) 745-0596
E-MAIL: bbarket@barketlawoffice.com

OF COUNSEL
ANDREA D. HOROWITZ

October 28, 2007

United States District Court
Southern District of New York
*Honorable Denise L. Cote*
Courtroom 11B
500 Pearl Street
New York, NY 10007-1312

**United States v. Rafael Barrios, 107 cr 658**

Honorable Judge Cote,

A suppression hearing was held before this Court, at the close of which the defense requested an opportunity to submit a written memorandum to address issues relevant to defendant's suppression motion. This letter brief is submitted in support of defendant's motion to suppress items recovered from Mr. Rafael Barrios' vehicle subsequent to his arrest on March 30, 2007.

## ARGUMENT

It is the defense position that under both New York State and Federal law, law enforcement is not authorized to "take into custody" pursuant to "safe-keeping" provisions a vehicle registered to a defendant when the defendant was not driving or occupying the vehicle at the time of his arrest.

## STATEMENT OF LAW

In New York State, following a lawful arrest, the car a defendant is driving or occupying at the time of his arrest may be impounded. A car that is lawfully in police custody is subject to a routine inventory search to catalogue its contents. *People v. Johnson*, 1 N.Y.3d 252 (2003). The purposes of an inventory search are to (1) protect the owner's property, (2) to protect the police against false claims for missing property, and (3) to protect the police from possible danger posed by weapons and other contraband (*People v. Johnson*, 298 A.D.2d 281, 748 N.Y.S.2d 594, *reversed on other grounds* 1 N.Y.3d 252, 771 N.Y.S.2d 64, 803 N.E.2d 385; *People v. Gonzalez*, 62 N.Y.2d 386, 389, 477 N.Y.S.2d 103, 465 N.E.2d 823 (1984) ).

"An inventory search is exactly what its name suggests, a search designed to properly catalogue the contents of the item searched." *People v. Johnson*, 1 N.Y.3d 252 (2003). Such an inventory search will be upheld when it follows a valid traffic stop and arrest, and is conducted in accordance with standard police procedures which limit the discretion of the searching officers and provide a meaningful inventory. *People v. Galak*, 80 N.Y.2d 715, 718, 594 N.Y.S.2d 689, 610 N.E.2d 362 (1993). The prosecution can meet its burden of establishing that the evidence seized falls within a vehicle exception to the warrant requirement threw the testimony of the searching officer's testimony coupled with the inventory form completed during the inventory search. *People v. Salazar*, 225 A.D.2d 804 (2d Dept, 1996); *People v. Johnson, supra*.

To ensure that an inventory search is not a ruse for general rummaging in an attempt to discover incriminating evidence, an inventory search must follow an established procedures clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably" (*People v. Galak*, 80 N.Y.2d 715, 719,(1993).

In determining whether tangible property was lawfully seized during an inventory search, the court must first decide the distinct, though overlapping, issue of whether the police had the authority to impound the car in the first instance. (*South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *People v. Quackenbush*, 88 N.Y.2d 534, 539, 647 N.Y.S.2d 150, 670 N.E.2d 434 (1996)).

## APPLICATION OF LAW TO THE FACTS ELICITED AT THE HEARING

In determining whether the tangible property was lawfully seized during an inventory search, this Court must first decide whether the Police had the authority to impound the car in the first instance. It is the defense position that in this case, the government failed to meet their burden of establishing that law enforcement had legal authority, subsequent to defendant's arrest and while he was at the precinct being processed, to make a post-arrest seizure of the vehicle that the defendant was not occupying or driving at the time of his arrest.

"There are three specific objectives which inventory searches must be precisely designed and precisely conducted to achieve in order to comply with constitutional mandates: protecting an owner's property while it is in the custody of the police; insuring police against claims of lost, stolen, or vandalized property; and guarding police and others from dangerous instrumentalities that would otherwise go undetected. While the Supreme Court has held that the police are not required to seek alternatives to impoundment in order to satisfy the Fourth Amendment, that does

not relieve them of the burden to show that such impoundment was proper in the first instance. *Colorado v. Bertine*, 479 U.S. 367 (1987); *People v. Turner*, 91 A.D.2d 646 (2d Dept.1982); *People v. Grear*, 232 A.D.2d 58 (2d Dept, 1996) *appeal den* 89 N.Y.2d 923 (1996).

In this case, the facts and circumstances present at the time of the car's seizure do not establish any of the three specific objectives that trigger the authority for impounding a vehicle and thereafter conducting an inventory search. First, the car was not in police custody, only the defendant was. Second, the police were not responsible for protecting the vehicle, or any property contained therein, as the vehicle was not in police custody. Lastly, as the arrest on the street had concluded, and Mr. Barrios was at the precinct being processed at the time the determination to impound and inventory the vehicle was made, law enforcement did not require protection from dangerous instrumentalities.

Here, although the officer who testified at the hearing stated that he was required to seize the vehicle in order to "safeguard" it, such a justification is contrary to common sense and is not cognizable under relevant statutory authority or legal precedent. First and foremost, at the time of Mr. Barrios' arrest he was not driving the vehicle. Further, neither Mr. Barrios, nor any of the individuals in his company, were inside or accessing the vehicle when law enforcement was present on the scene. Testimony at the hearing made clear that law enforcement's determination to take the vehicle into custody did not occur in relation to Mr. Barrios' arrest on the street, but later, at the precinct, in relation to learning that this vehicle, with out-of-state plates, was registered to an arrestee held in police custody. Moreover, the hearing testimony affirmatively established that the vehicle was impounded, not to further community goals of preventing traffic congestion, but to allegedly "safe-guard" the vehicle and protect law enforcement from civil liability.

In addition, the defense asserts that it is impermissible for law enforcement to conduct DMV searches and thereafter locate and take into custody vehicles registered to arrestees. Such circular reasoning, that law enforcement is permitted to locate property and take it into custody and search it, under the guise of "safe-guarding" property that was not in its custody in the first place, runs afoul of Fourth Amendment protections. For all this court knows, the members of law enforcement involved in Mr. Barrios' arrest may make it a habit to conduct DMV searches any time an arrest is made, and thereafter locate and conduct a warrantless search of arrestees' vehicles, under the guise of "safeguarding" arrestees' property; the defense asserts that such conduct is a thinly veiled ruse for general rummaging in an attempt to discover incriminating evidence. *Florida v. Wells*, 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed .2d 1 (1990).

The New York State Court of Appeals has repeatedly held that under New York law, inventory searches must be conducted pursuant to an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably" *People v. Galak, supra; People v. Johnson, supra*. Further, an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence" (*People v. Johnson, supra, citing Florida v. Wells*, 495 U.S. 1, 4 (1990). Assessment of the decision to impound a vehicle involves two factors: the lawfulness of the arrest, the totality of the circumstances involving the vehicle including its condition, location at the time of the arrest and the presence of other persons to whom the driver may wish to entrust it (*People v. Miles*, 3 Misc.3d 566 (City Ct. Rochester 2003).

Here, although the testifying officer demonstrated some awareness that authority for inventory searches and safe-guarding property existed somewhere within the Patrol Guide, the decision to locate the defendant's vehicle, and thereafter take into custody for "safe-guarding" a vehicle that was not in police custody in the first instance, was impermissible. In *People v. Francis*, a New York state county court found an inventory search conducted following a traffic stop was found constitutionally impermissible where"the hearing record contains no evidence regarding Department procedures limiting the discretion of individual officers and assuring that searches are conducted consistently and reasonably. In fact it can be reasonably inferred from [the hearing] testimony that Police Department policy allows impoundment ... and an inventory search of a vehicle in the field whenever the driver is arrested .... Such a policy, which would permit, if not encourage, general rummaging for evidence, does not satisfy Constitutional requirements. *People v. Francis*, 819 N.Y.S.2d 393, 398, (N.Y. Co.Ct., 2006). In this case, where Mr. Barrios was not even driving the vehicle at issue, the DMV search conducted, and subsequent seizure and search of the defendant's vehicle, was constitutionally impermissible conduct that will permit, if not encourage, general rummaging threw vehicles whenever an arrest is made.

## CONCLUSION

As the prosecution has not met its burden to establish that police conduct was permissible in the first instance, and the hearing testimony established that the property would not have been recovered from the trunk of the vehicle without law enforcement's impermissible and unconstitutional DMV search and impoundment of the vehicle, this Court should suppress the fruits of that constitutionally impermissible conduct.

Dated: October 28, 2007
      Garden City, New York

BARKET & ANGELI, PC

By: Toni Marie Angeli
*Attorneys for Rafael Barrios*
666 Old Country Road, Suite 600
Garden City, New York 11530
(516) 745-0101