UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................................X
**UNITED STATES,**

                Plaintiff,

    -against-

**RAFAEL BARRIOS,**                         *Dkt No.: 07-CR-658*

                Defendants.
...............................................................................X

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defendant, Rafael Barrios, respectfully requests that the Court charge the jury in its usual manner, yet urges the Court to consider and apply the following suggested charges. The defense further requests that it be granted leave to offer additional instructions as may become appropriate during the course of the trial.

## BURDEN OF PROOF

**Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.**

**As a result of the defendant's plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.**

**The law presumes the defendant to be innocent of all the charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.**

**The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a**

careful and impartial consideration of all of the evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

## DEFINITION REASONABLE DOUBT

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or lack of evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, or lack of evidence, you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

## RIGHT NOT TO TESTIFY

The defendant did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

## WTNESS CREDIBILTY

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did th e witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness--consciously or not--to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government or the city of New York as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## EXPERT WITNESS

In this case, I have permitted certain witness to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## COUNT I: POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DISRIBUTE

The first element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed cocaine.

To establish this element, the government must prove that the material that the defendant is charged with possessing or distributing is, in fact, cocaine.

As I have instructed you, the government must prove beyond a reasonable doubt that the defendant knowingly ``possessed'' the drugs. The legal

concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is having physical custody or control of an object. For example, if you find that the defendant had the drugs on his person, you may find that he had possession of the drugs. However, a person need not have actual physical custody of an object in order to be in legal possession of it. If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item. Of course in order to sustain their burden, the government must prove that the defendant knew of the cocaine's existence.

Possession of drugs cannot be found solely on the ground that the defendant was near or close to the drugs. Nor can it be found simply because the defendant was present at a scene where drugs were involved, or solely because the defendant associated with a person who did control the drugs or the property where they were found. However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the defendant possessed the drugs.

### Inference From Control Over Place Where Found

A defendant may own or have control over the place where the narcotics are found, such as an apartment or a vehicle. When the defendant is the sole person having such ownership or control, this control is significant evidence of the defendant's control over the drugs themselves, and thus of his possession of the drugs. You should note, however, that the defendant's sole ownership or control of a residence or vehicle does not necessarily mean that the defendant had control and possession of the drugs found i n it.

### Knowledge That the Drugs Were Narcotics

The second element the government must prove beyond a reasonable doubt is that the defendant knew that he possessed narcotics.

To establish this element, the government must prove that the defendant knew that he possessed narcotics, and that his possession was not due to carelessness, negligence or mistake. If you find that the defendant did not know that he had narcotics in his possession, or that he didn't know that what he possessed was, in fact, narcotics, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed narcotics, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession. It is enough

5

that the government proves that the defendant knew that he possessed some kind of narcotic.

### Distribution or Intent To Distribute

The third element the government must prove beyond a reasonable doubt is that the defendant either (a) distributed the narcotics or (b) intended to distribute them. In order to prove the defendant is guilty, the government must prove one of these circumstances beyond a reasonable doubt. It need not prove both.

### Definition of Distribution

The word "distribute" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics.

(For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.)

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

### Intent To Distribute

As an alternative to proving that the defendant actually distributed the drugs, to satisfy the third element the government may prove that the defendant possessed narcotics with the intent to distribute them. To prove the third element in this way, the government must prove beyond a reasonable doubt that the defendant had control over the drugs with the state of mind or purpose to transfer them to another person.

The same considerations that apply to your determination whether the defendant knew he possessed narcotics apply to your decision concerning the defendant's intention to distribute them. Since you cannot read the defendant's mind, you must make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the narcotics.

6

(When I say that you must find that the defendant intended to distribute the narcotics, this does not mean that you must find that the defendant intended *personally* to distribute or deliver the drugs. It is sufficient if you find that the defendant intended to cause or assist the distribution of the narcotics.)

The possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute narcotics even if he did not possess large amounts of them. Other physical evidence, such a paraphernalia for the packaging or processing of drugs, can show such an intent. There might also be evidence of a plan to distribute. You should make your decision whether the defendant intended to distribute the narcotics in his possession from all of the evidence presented.

## Limiting Instruction

Under count (2), the defendant is charged with using or carrying a firearm during the commission of a drug trafficking crime which is charged in count (1).

If upon all of the evidence you find that the government has failed to prove count (1) beyond a reasonable doubt, then you will proceed no further. Count (2) is to be considered only if you first find the defendant guilty under count (1) as charged.

In reaching your verdict on count (2), you may consider the evidence of count (1) only for the purpose of determining whether the elements of count (2) have been satisfied.

## COUNT II: USE AND CARRY OF A FIREARM IN RELATIONS TO A DRUG TRAFFICING CRIME

### Elements of the Offense

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty:

First, that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

Second, that the defendant knowingly used and carried a firearm during and in relation to the commission of, or knowingly possessed a firearm in furtherance of the crime charged in Count I

### First Element--Commission of the Predicate Crime

7

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

Defendant is charged in Count (1) of the indictment with committing the crime of Possessing cocaine with the intent to distribute it. I instruct you that the crime charged in Count I is a drug trafficking crime. However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crime as charged.

<u>Second Element--Knowing Use of Firearm During and in Relation to the</u> Commission of a drug trafficking crime.

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly used and *or* carried a firearm during and in relation to the commission of the crime charged in Count (1).

In order to prove that the defendant carried the firearm, the government must prove beyond a reasonable doubt that the defendant had the weapon within his control in such a way that it furthered the commission the drug trafficking crime or was an integral part of the commission of the crime. The defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the crime, you may find that the government has proven that the defendant carried the weapon

The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis to convict the defendant of count II. Rather, the government must illustrate through specific facts, such as the brandishing, displaying, firing, threatening to fire or referring to the weapon, that the firearm was possessed to advance or promote the criminal activity. The government must prove beyond a reasonable doubt that a firearm was possessed to advance or promote the commission of the underlying offense.

The Defendant, Rafael Barrios, respectfully requests that the Court include the foregoing in its instructions to the jury.

Respectfully submitted,

Barket & Angeli
By, Bruce A. Barket

November 19, 2007