UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

            - v. -                       :

RAFAEL BARRIOS,                          :        07 Cr. 658 (RPP)

            Defendant.                   :

- - - - - - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE


                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York,
                    Attorney for the United States
                        of America

David A. O'Neil
Anirudh Bansal
Assistant United States Attorneys
        - Of Counsel -

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

General Requests . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Indictment. . . . . . . . . . . . . . . . . . 3

COUNT ONE

        Possession With Intent To Distribute A Controlled
        Substance:
           (21 U.S.C. § 841). . . . . . . . . . . . . . . 4

        Possession With Intent To Distribute A Controlled
        Substance:
           Elements of Offense. . . . . . . . . . . . . 5

        Possession With Intent To Distribute A Controlled
        Substance:  First Element --
           Possession With Intent to Distribute . . . . . 6

        Possession With Intent To Distribute A Controlled
        Substance: Second Element -
           "Unlawfully, Intentionally, and
           Knowingly". . . . . . . . . . . . . . . . . 11

        Possession With Intent To Distribute A Controlled
        Substance: Third Element -
           Controlled Substance . . . . . . . . . . . . 13

COUNT TWO

        The Firearm Offense
           (18 U.S.C. § 924(c)). . . . . . . . . . . . 14

        The Firearm Offense:
           Elements of Offense. . . . . . . . . . . . 16

        The Firearm Offense: First Element -
           Commission of a Drug Trafficking Offense . . 17

        The Firearm Offense:
           Second Element . . . . . . . . . . . . . . 18

i

The Firearm Offense: Second Element –
     Carrying A Firearm During And In Relation To A
     Drug Trafficking Crime. . . . . . . . . . . 19

The Firearm Offense: Second Element –
     Possession Of A Firearm In Furtherance Of A
     Drug Trafficking Crime. . . . . . . . . . . 22

The Firearm Offense: Third Element –
     Knowing And Intentional . . . . . . . . . . 25

Venue . . . . . . . . . . . . . . . . . . . . . . 26

Limiting Instruction – Similar Acts Evidence (if applicable). 28

Defendant's Right Not to Testify (if applicable). . . . . . 30

Admissions by Defendant . . . . . . . . . . . . . . 31

Use of Evidence Obtained Pursuant To Searches . . . . . . . 32

Persons Not On Trial. . . . . . . . . . . . . . . . 33

Particular Investigative Techniques Not
     Required (if applicable) . . . . . . . . . . . . 34

Preparation of Witnesses  (if applicable) . . . . . . . . 35

Stipulations (if applicable). . . . . . . . . . . . . 37

Expert Testimony (if applicable). . . . . . . . . . . . 38

Character Testimony (if applicable) . . . . . . . . . . 40

Uncalled Witnesses – Equally Available (if applicable). . . . 42

Conclusion. . . . . . . . . . . . . . . . . . . . 43

REQUEST NO. 1

General Requests

.The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function Of Court And Jury

b.  Indictment Not Evidence

c.  Questions Are Not Evidence, Only the Answer, Taken in the Context of the Question that Was Asked, Is Evidence

d.  Statements Of Court And Counsel Not Evidence

e.  Burden Of Proof And Presumption Of Innocence

f.  Reasonable Doubt

g.  Government Treated Like Any Other Party

h.  Definitions, Explanations, And Examples Of Direct And Circumstantial Evidence

i.  Inferences

j.  Credibility Of Witnesses

k.  Interest in Outcome

l.  Right to See Exhibits and Have Testimony Read During Deliberations

m.  Sympathy:  Oath Of Jurors

n.  Punishment Is Not To Be Considered By The Jury

o.  Verdict Of Guilt Or Innocence Must Be Unanimous

p.  Testimony of Law Enforcement Officials Not Given Greater or Lesser Weight

q.  Consider Two Counts Separately

1

<u>REQUEST NO. 2</u>

<u>Summary of The Indictment</u>

The defendant RAFAEL BARRIOS is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains two counts.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.  Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of the offenses.

Count One of the Indictment charges the defendant with the crime of possessing a controlled substance with the intent to distribute it, in violation of Title 21, United States Code, Section 841.  Specifically, Count Two charges that on or about March 30, 2007, the defendant possessed with intent to distribute mixtures and substances containing a detectable amount of cocaine.

Count Two of the Indictment charges the defendant with the crime of carrying a firearm during and in relation to a narcotics trafficking crime, and possessing the firearm in furtherance of a narcotics trafficking crime, in violation of Title 18, United States Code, Section 924(c).  Specifically,

2

Count Two charges that on or about March 30, 2007, the defendant carried a firearm during and in relation to the narcotics offense charged in Count One of the Indictment, and that he possessed the firearm in furtherance of that crime.

> Adapted from the charge of the Honorable Robert P. Patterson in United States v. Smith, S3 03 Cr. 184 (RPP)(S.D.N.Y. 2003).

3

<u>REQUEST NO. 3.</u>

<u>Count One:   Possession With Intent To Distribute A Controlled
Substance (21 U.S.C. § 841)</u>

In Count One of the Indictment, the Government charges

the defendant with the crime of possessing a controlled substance

with the intent to distribute it, in violation of Title 21,

United States Code, Section 841.   Count Two reads as follows:

**[The Court is respectfully requested to read
the relevant count of the Indictment]**

I will now instruct you about the elements of that

offense.

Adapted from the charge of the Honorable Leonard  B.
Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS)
(S.D.N.Y. 1992).

4

## REQUEST NO. 4.

## Possession With Intent To Distribute A Controlled Substance: Elements of Crime

In order to sustain its burden of proof on the charge of possession with intent to distribute, the Government must prove the following elements beyond a reasonable doubt:

First, that on or about March 30, 2007, the defendant possessed a controlled substance with the intent to distribute it.

Second, that the defendant did so unlawfully, intentionally and knowingly; and

Third, that the substance involved was in fact a controlled substance.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). See, e.g., United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988) (setting forth elements); and United States v. James, 555 F.2d 992 (D.C. Cir. 1977) (same).

5

REQUEST NO. 5.

<u>Possession With Intent To Distribute A Controlled Substance:
First Element -- Possession With Intent To Distribute</u>

The first element that the Government must prove beyond a reasonable doubt is "possession with intent to distribute" a controlled substance.  I will now define for you the terms "distribution" and "possession with intent to distribute."

<u>"Distribution"</u>

The word "distribution" means the actual, constructive, or attempted transfer of a controlled substance.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as negotiating for the price, or supplying or delivering the drugs, may constitute distribution.

<u>"Possession With Intent to Distribute"</u>

What does "possession with intent to distribute" mean?

<u>"Possession"</u>

We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you

6

find that the defendant that you are considering had the controlled substance on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

An individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a defendant may own or have control over the place where the narcotics are found, such as an apartment or vehicle. Where a defendant is the sole person having such ownership or control, this control is significant evidence of the defendant's control over the drugs themselves, and thus of his constructive possession of the drugs.

More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then

7

possession is joint.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt in your mind that I physically possess the pen.

Another example:  Let's say I brought in some candy today and left it on my law clerk's desk.  She knows that she can't eat all of that candy; she'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My law clerk also has control over of it.  I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died and it's now sitting in a safety deposit box.  My brother and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely we have possession of it, even though it's in a safety deposit box -- we have joint possession.


<u>"Intent to Distribute"</u>

I will now explain the term "possession with intent to distribute."  "Possession with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  As I explained earlier, "distribute" means simply to transfer to another.  Basically, what you're determining if you find that the

8

defendant you are considering had possession of the drugs, is whether the drugs in the defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

Often it is possible to make this determination from the quantity of drugs that you find the defendant possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them. On the other hand, the defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute. It might also be evidence of a plan or a scheme to distribute. You should make your decision whether the Government has proved beyond a reasonable doubt that the defendant intended to distribute the controlled substances in his possession from all of the evidence presented in this case.

Again, to satisfy the first element, the Government need prove only that the defendant possessed the controlled substance with the intent to distribute it. The Government need not prove that the defendant actually distributed it.

Adapted from the charge of the Honorable Robert P. Patterson in United States v. Garcia, 04 Cr. 218 (RPP) (S.D.N.Y. 2005); from the charge of the Honorable

9

Robert P. Patterson in United States v. Smith, S3 03 Cr. 184 (RPP)(S.D.N.Y. 2003); from the charge of the Honorable Richard M. Berman in United States v. Pena, S1 00 Cr. 36 (RMB) (S.D.N.Y. 2001); from the charge of the Honorable John G. Koeltl in United States v. Ovalle, 98 Cr. 04 (JGK) (S.D.N.Y. 1999); and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), cert. denied, 111 S.Ct. 273 (1990). See also Sand et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

REQUEST NO. 6.

Possession With Intent To Distribute A Controlled Substance:
Second Element -- "Unlawfully, Intentionally and Knowingly"

The second element that the Government must prove
beyond a reasonable doubt is that the defendant acted
"unlawfully, intentionally and knowingly."

"Unlawfully," "Intentionally" and "Knowingly" Defined

The terms "unlawfully" and "intentionally" and
"knowingly" are intended to ensure that if you find that the
defendant did possess the controlled substances, you may not find
the defendant guilty unless you also conclude beyond a reasonable
doubt that, in doing so, he knew what he was doing; in other
words, that he took the actions in question deliberately and
voluntarily.

An act is done "knowingly" and "intentionally" if it is
done deliberately and purposely; that is, the defendant's acts
must have been the product of the defendant's conscious
objective, rather than the product of a mistake or accident, or
mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The
defendant need not have known that he was breaking any particular
law, but he must have been aware of the generally unlawful nature
of his acts.

To satisfy its burden of proof as to this element, the

11

Government must prove beyond a reasonable doubt that the defendant knew that he possessed narcotics.  The Government does not, however, have to prove that the defendant knew the exact nature of the drugs in his possession.  It is enough that the defendant knew that he possessed some kind of narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  See also United States v. Knuckles, 581 F.2d 305, 308-13 (2d Cir.) (proof of either cocaine or heroin will support conviction on count charging heroin), cert. denied, 439 U.S. 986 (1978), and United States v. Morales, 577 F.2d 769, 776 (2d Cir. 1978) ("[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he be aware that he possesses some controlled substance.") (citations omitted).

REQUEST NO. 7.

Possession With Intent To Distribute A Controlled Substance:
Third Element -- Controlled Substance

The third element that the Government must prove beyond a reasonable doubt is that the substance involved was in fact cocaine. If you find that the substance contained cocaine, the percentage or purity of the cocaine contained in the substance is immaterial.

*In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the exhibit contained cocaine.*

Adapted from the charge in Leonard B. Sand in United
States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). See
also United States v. Campuzano, 905 F.2d 677 (2d Cir.)
(quantity not an element of § 841 or §846 offenses;
proper not to present question of quantity to jury),
cert. denied, 111 S. Ct. 363 (1990).

13

REQUEST NO. 8.

Count Two: The Firearm Offense (18 U.S.C. § 924(c))

I will now turn to Count Two of the Indictment.  Count
Two charges the defendant with knowingly carrying a firearm
during and in relation to the drug offense charged in Count One,
and possessing a firearm in furtherance of that drug crime.  Let
me read Count Two:

**[The Court is respectfully requested to read Count Two
to the jury]**

Count Two is to be considered only if you first find
that the defendant is guilty of the drug crime charged in Count
One.

The relevant statute on Count Two is Section 924(c)
of Title 18, United States Code.  Section 924(c) provides that
"any person who, during and in relation to any drug-trafficking
crime for which he may be prosecuted in a court of the United
States, uses or carries a firearm, or who, in furtherance of
any such crime, possesses a firearm" shall be guilty of a
crime.

In this case, the defendant is charged with carrying a
firearm during and in relation to the crime charged in Count One
and possessing a firearm in furtherance of that crime.  Count
One, as I have already told you, charges possession of a
controlled substance with intent to distribute it.

14

I will now instruct you on the elements of the firearm offense.

Adapted from the charge of the Honorable Kenneth M. Karas in <u>United States</u> v. <u>Forestier</u>, 05 Cr. 1280 (KMK) (S.D.N.Y. 2007). <u>See also</u> Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 35-78.

REQUEST NO. 9.

The Firearm Offense: Elements of Offense

In order for you to find the defendant guilty of the crime charged in Count Two, the Government must prove three elements beyond a reasonable doubt:

First, that the defendant committed a drug trafficking crime for which he can be prosecuted in a court of the United States.

Second, that the defendant carried a firearm during and in relation to that crime, or that he possessed a firearm in furtherance of that crime.

Third, that the defendant did so knowingly and intentionally.

Adapted from the charge of the Honorable Kenneth M. Karas in United States v. Forestier, 05 Cr. 1280 (KMK) (S.D.N.Y. 2007).

16

REQUEST NO. 10.

## The Firearm Offense: First Element -- Commission of a Drug Trafficking Offense

The first element the Government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he can be prosecuted by a court in the United States.  The defendant is charged in Count One of the Indictment with possession of a controlled substance with the intent to distribute it.  I instruct you that the crime charged in Count One of the Indictment is a drug trafficking crime for which someone can be prosecuted by a court in the United States. However, it is for you to determine that the Government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count One.

> Adapted from the charge of the Honorable Robert P.
> Patterson in United States v. Smith, S3 03 Cr. 184
> (RPP) (S.D.N.Y. 2003).

17

REQUEST NO. 11.

### The Firearm Offense: Second Element

The second element the Government must prove beyond a reasonable doubt is that the defendant either carried a firearm during and in relation to the drug trafficking crime charged in Count One, or that he possessed a firearm in furtherance of that drug trafficking crime. The Government must prove either one of these two things beyond a reasonable doubt -- that the defendant carried a firearm during and in relation to the drug crime, or that the defendant possessed the firearm in furtherance of that crime. The Government does not need to prove both, although the same conduct may constitute both "carrying" and "possession."

A "firearm" is any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

Adapted from the charge of the Honorable Kenneth M. Karas in United States v. Forestier, 05 Cr. 1280 (KMK) (S.D.N.Y. 2007); from the charge of the Honorable Robert P. Patterson in United States v. Smith, S3 03 Cr. 184 (RPP) (S.D.N.Y. 2003); from the charge of the Honorable Robert P. Patterson in United States v. Boone 02 Cr. 1185 (RPP) (S.D.N.Y. 2003); and from the charge of the Honorable Denny Chin in United States v. Hamilton, S1 05 Cr. 18 (DC) (S.D.N.Y. 2006).

REQUEST NO. 12.

<u>The Firearm Offense: Second Element – Carrying A Firearm
During And In Relation To A Drug Trafficking Crime</u>

As I have explained, the Government must prove the second element in either one of two ways. First, the Government may prove beyond a reasonable doubt that the defendant "carried" a firearm "during and in relation to" the drug trafficking offense.

The term "carry" has its natural, ordinary, and common sense meaning. Thus, the defendant "carried" a firearm if he physically possessed it, meaning that he had it in his hand or on his person. The defendant also "carried" a firearm under the law if he knowingly transported it in his vehicle.

A firearm is carried "in relation to" a drug trafficking offense if the firearm had some purpose or effect with respect to the drug crime. That requirement is satisfied if the firearm facilitated, or had the potential to facilitate, the drug trafficking offense. On the other hand, this requirement is not satisfied if the carrying of the firearm was entirely unrelated to the drug crime – in other words, if the defendant carried the firearm during the drug trafficking offense simply by accident, coincidence, or happenstance.

Definition of "carry": <u>United States</u> v. <u>Canady</u>, 126 F.3d 352, 357-58 (2d Cir. 1997) (noting that, in interpreting the word "carry" in § 924(c), "we look toward its natural and ordinary meaning" and "common

19

sense"); United States v. Persico, 164 F.3d 796, 802
(2d Cir. 1999) ("In this Circuit, the "carry" prong is
satisfied if the evidence establishes that, during and
in relation to the underlying crime, the defendant
either (1) had physical possession of the firearm, or
(2) moved the firearm from one place to another."); 
Canady, 126 F.3d at 358 ("the word 'carry' implies
either that an object is borne on the person or that
the object is supported and moved from one place to
another"); Muscarello v. United States, 524 U.S. 125,
132-39 (1998) (holding the phrase "carries a firearm"
in Section 924(c) is not limited to the carrying of
firearms on the person, but also applies to a person
who knowingly possesses firearms in a vehicle,
including in the locked glove compartment or trunk of a
car).

Definition of "in relation to": United States v.
Ortega, 385 F.3d 120, 123 (2d Cir. 2004) (per curiam)
(holding that the 'in relation to' language of 18
U.S.C. § 924(c)(1)" requires that the firearm "served
some purpose with respect to the felonious conduct";
"Conversely, where the firearm's presence is merely
coincidental to that conduct, the requirement is not
met") (internal quotation marks and alteration
omitted); United States v. Santos, 64 F.3d 41, 45 (2d
Cir. 1995) ("'[T]he firearm must have some purpose or
effect with respect to the drug trafficking crime; its
presence or involvement cannot be the result of
accident or coincidence.'") (quoting Smith v. United
States, 508 U.S. 223, 238 (1993)); Smith, 508 U.S. at
238 ("[T]he gun at least must 'facilitate, or have the
potential of facilitating," the drug trafficking
offense"); id. at 238 (holding that "in relation to" is
not satisfied if "the firearm's presence is
coincidental or entirely unrelated to the [drug]
crime") (internal quotation mark omitted).

The Second Circuit, like other Courts to address the
issue, have held that the Supreme Court's decision in
Bailey v. United States, 516 U.S. 137 (1995) (holding
that the "use" prong of § 924(c)(1) requires "active
employment" of the firearm), leaves intact the
preexisting body of law regarding the "carrying" prong
of § 924(c)(1). See, e.g., United States v. Giraldo,
80 F.3d 667, 676 (2d Cir. 1996) (relying on a pre-
Bailey case for the definition of "carrying"); United

States v. <u>Willis</u>, 89 F.3d 1371, 1378 (8th Cir. 1996).

REQUEST NO. 13.

The Firearm Offense: Second Element – Possession Of A Firearm
In Furtherance Of A Drug Trafficking Crime

The Government may also establish the second element by

proving that the defendant possessed the firearm in furtherance

of the drug trafficking crime.  I have already defined the term

"possession" with respect to Count One.  It has the same meaning

with respect to Count Two, and you should follow my previous

instruction.

To possess a firearm "in furtherance" of a narcotics

crime means that the firearm helped promote, accomplish, advance

or achieve the goal or objective of the underlying offense.  The

mere presence of a firearm at the scene of drug trafficking is

not enough.  The firearm must have had some nexus, that is, some

purpose or effect, with respect to the underlying drug offense,

such as where the firearm is readily accessible to protect drugs,

drug proceeds, or the drug dealer himself.  In deciding whether

there is such a nexus, you may consider the accessibility of the

firearm, whether the firearm was loaded, the type of weapon,

whether or not the defendant legally possessed it, the type of

drug activity conducted, whether the firearm was stolen, the time

and circumstances under which the firearm was found, and the

proximity of the firearm to drugs or drug profits.  This list of

factors is not exclusive, but it helps to distinguish between

22

possession in furtherance of crime from innocent possession, such

as a drug-dealer who possesses a wall-mounted antique or an

unloaded rifle that is locked in a cupboard and used for target

shooting or in a hunting game.

> Adapted from the charge of the Honorable Robert P.
> Patterson in United States v. Smith, S3 03 Cr. 184
> (RPP)(S.D.N.Y. 2003); from the charge of the Honorable
> Robert P. Patterson in United States v. Boone, 02 Cr.
> 1185 (RPP) (S.D.N.Y. 2003); and from the charge of the
> Honorable Denny Chin in United States v. Hamilton, S1
> 05 Cr. 18 (DC) (S.D.N.Y. 2006).

> On the "in furtherance" requirement: See United States
> v. Snow, 462 F.3d 55, 62 (2d Cir. 2006)(holding that
> the 'in furtherance' requirement is satisfied where
> "the charged weapon is readily accessible to protect
> drugs, drug proceeds, or the drug dealer himself"); id
> at 63 (holding "in furtherance" requirement satisfied
> if the defendant's "possession of the handguns
> facilitated or advanced the instant drug trafficking
> offense by protecting himself, his drugs, and his
> business") (internal quotation marks omitted); United
> States v. Lewter, 402 F.3d 319, 322 (2d Cir. 2005)
> (holding that the "the requirement in § 924(c)(1) that
> the gun be possessed in furtherance of a drug crime may
> be satisfied by a showing of some nexus" between the
> firearm and the drug offense); Id. ("Possession of a
> firearm to defend a drug stash clearly furthers the
> crime of possession with intent to distribute the
> contents of that stash.") (citing United States v.
> Garner, 338 F.3d 78, 81 (1st Cir. 2003) ("When guns and
> drugs are found together and a defendant has been
> convicted of possession with intent to distribute, the
> gun, whether kept for protection from robbery of
> drug-sale proceeds, or to enforce payment for drugs,
> may reasonably be considered to be possessed 'in
> furtherance of' an ongoing drug-trafficking crime.");
> United States v. Duran, 407 F.3d 828 (7th Cir. 2005)
> ("One legal theory that has been advanced, and
> unanimously accepted, is that a possessed gun can
> forward a drug-trafficking offense by providing the
> dealer, his stash or his territory with protection.").

On examples of innocent possession: <u>See</u> <u>Snow</u>, 462 F.3d
at 63 (endorsing example of "locked and inaccessible
pistol used for target shooting or in hunting game to
illustrate weapon not possessed 'in furtherance'")
(internal quotation marks omitted); <u>see</u> charge of the
Honorable Robert P. Patterson in <u>United States</u> v.
<u>Smith</u>, S3 03 Cr. 184 (RPP) (S.D.N.Y. 2003) (citing as
examples of innocent possession "a drug dealer who
possesses a wall-mounted antique or an unloaded hunting
rifle locked in a cupboard"); the charge of the
Honorable Robert P. Patterson in <u>United States</u> v.
<u>Boone</u>, 02 Cr. 1185 (RPP) (S.D.N.Y. 2003) (same); the
charge of the Honorable Denny Chin in <u>United States</u> v.
<u>Hamilton</u>, S1 05 Cr. 18 (DC) (S.D.N.Y. 2006) (same); the
charge of <u>United States</u> v. <u>Roger Watson</u>, 03 Cr. 136
(CM) (S.D.N.Y. 2003) (same); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Duran</u>, 407
F.3d at 840 (also citing example of "innocent
possession of a wall-mounted antique or an unloaded
hunting rifle locked in a cupboard") (quoting <u>United</u>
<u>States</u> v. <u>Mackey</u>, 265 F.3d 457, 462 (6th Cir. 2001).

On factors for distinguishing possession "in
furtherance" from innocent possession: <u>See</u> <u>Snow</u>, 462
F.3d at 62 & n.6 (noting that "courts look at a number
of factors to determine whether such a nexus exists"
and listing factors cited above); <u>see</u> <u>also</u> <u>United</u>
<u>States</u> v. <u>Lomax</u>, 293 F.3d 701, 705 (4th Cir. 2002)
(citing factors); <u>Mackey</u>, 265 F.3d at 462 (6th Cir.
2001); <u>United States</u> v. <u>Ceballos-Torres</u>, 218 F.3d 409,
414-15 (5th Cir. 2000); <u>United States</u> v. <u>Basham</u>, 268
F.3d 1199, 1206-08 (10th Cir. 2001) (approving
instruction listing the eight factors cited above);
<u>United States</u> v. <u>Wahl</u>, 290 F.3d 370, 376 (D.C. Cir.
2002) (citing factors).  <u>See</u> <u>also</u> Sand <u>et al.</u>, <u>Modern</u>
<u>Federal Jury Instructions</u>, Instr. 35-78, 35-79, and
35-80.

REQUEST NO. 14.

The Firearm Offense: Third Element -- Knowing And Intentional

The third element the government must prove beyond a reasonable doubt is that the defendant carried or possessed the firearm knowingly and intentionally.  This means that he carried or possessed a firearm purposefully and voluntarily and not by accident or mistake.  It also means that he knew that the weapon was a firearm as we commonly use the term.  However, the Government is not required to prove that the defendant knew he was breaking the law.

> Adapted from the charge of the Honorable Robert P. Patterson in United States v. Smith, S3 03 Cr. 184 (RPP)(S.D.N.Y. 2003); and from the charge of the Honorable Robert P. Patterson in United States v. Boone 02 Cr. 1185 (RPP) (S.D.N.Y. 2003).

25

<u>REQUEST NO. 15.</u>

<u>Venue</u>

In addition to all of the elements I have described for you, you must also decide whether the crimes charges occurred in the Southern District of New York, which includes all of Manhattan and the Bronx.  With respect to Count One, you must determine if the defendant possessed narcotics with the intent to distribute them in the Southern District of New York.  With respect to Count Two, you must determine if the defendant carried or possessed a firearm during and in relation to, or in furtherance of, a narcotics crime in the Southern District of New York.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the acts charged in Counts One and Two occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant.

> Adapted from the charge of the Honorable
> Charles S. Haight, Jr. in <u>United States</u> v.
> <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and
> from Sand <u>et al.</u>, <u>Modern Federal Jury
> Instructions</u>, Instr. 3-11.

26

<u>See</u> 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), <u>cert</u>. <u>denied</u>, 112 S. Ct. 660 (1991).

## REQUEST NO. 16.

### Limiting Instruction -- Similar Act Evidence

### [If Applicable]

You will recall that some evidence introduced by the Government was received for a limited purpose. For example, the Government has offered evidence tending to show that on a different occasion defendant Rafael Barrios engaged in conduct similar to the charges in the Indictment. In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the Indictment. Accordingly, you may not consider this evidence of a similar act as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for the much more limited purposes of showing intent, knowledge, motive, and absence of mistake, and you may consider it only for those limited purposes.

If you determine that the defendant committed the acts charged in the Indictment and the similar act as well, then you may, but you need not, draw an inference from the evidence of the similar act that the defendant you are considering was a member of the conspiracy had a motive to commit the acts charged in the Indictment and in doing the acts charged in the Indictment, the

28

defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

However, this evidence of a similar act may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act he must also have committed the acts charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25; see also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## REQUEST NO. 17.

## Defendant's Right Not to Testify

**[If requested by defense.]**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against any him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury
Instructions, Instr. 5-21.

30

<u>REQUEST NO. 18.</u>

<u>Admissions By Defendant</u>
**[if applicable]**

There has been evidence that RAFAEL BARRIOS made certain statements to law enforcement in which the Government claims the defendant admitted certain facts relevant to the charges in the Indictment.  You should give these statements such weight as you feel they deserve in light of all the evidence.

Adapted from L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-19.

31

REQUEST NO. 19.

Use Of Evidence Obtained Pursuant To Searches

You have heard testimony about evidence seized in searches.  Evidence obtained from the searches was lawfully obtained and properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charge of the Honorable Richard M. Berman in United States v. Pena, S1 00 Cr. 36 (RMB)(S.D.N.Y. 2001); and the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and from Sand, Modern Federal Jury Instructions, Instr. 5-11.

32

REQUEST NO. 20.

Persons Not on Trial

You may not draw any inference, favorable or unfavorable, from the fact that any persons in addition to the defendants are not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, S1 00 Cr. 36 (RMB)(S.D.N.Y. 2001); and Judge Werker's charge in United States v. Barnes, S 77 Cr. 190 (Nov. 29, 1977).

33

REQUEST NO. 21.

Particular Investigative Techniques Not Required

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, S1 00 Cr. 36 (RMB)(S.D.N.Y. 2001); and the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

34

REQUEST NO. 22.

Preparation of Witnesses

**[If Applicable]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, S1 00 Cr. 36 (RMB)(S.D.N.Y. 2001); and the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl in

35

<u>United States</u> v. <u>Brooks</u>, 99 Cr. 1027
(S.D.N.Y. Dec. 14, 1999).

## REQUEST NO. 23.

### Stipulations

**[If Applicable]**

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  You must accept the facts in those stipulations as true.

REQUEST NO. 24.

Expert Testimony

**[If Applicable]**

You have heard testimony from what we call expert witnesses. They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert

38

is based on sufficient data, education and experience, and the

other evidence does not give you reason to doubt her conclusions,

you would be justified in placing great reliance on her

testimony.

> Adapted from the charge of Judge Pierre N.
> Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992) and from the charge
> of Judge Michael B. Mukasey in United States
> v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 25.

Character Testimony

**[If Applicable]**

You have heard testimony that the defendant has a reputation of *[describe testimony, e.g., has a good reputation for honesty in the community where he lives and works and for truthfulness]*.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant. The guilt or innocence of the defendant is for you

40

alone to determine, and your decision should be based on all the evidence you have heard in the case.

> Adapted from the charge upheld in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).

41

REQUEST NO. 26.

Uncalled Witnesses -- Equally Available

**[If Applicable]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses, and each party had the same power to subpoena these witnesses to testify.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-7. See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

42

<u>REQUEST NO. 27.</u>

<u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

43

Remember at all times, you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do not report how the vote stands, and, if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in United States v. Soldaro, 73 Cr. 167 (S.D.N.Y. 1973). See also United States v. Corr, 75 Cr. 803 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1970).


Dated:    New York, New York
          November 19, 2007

                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York,
                    Attorney for the United States
                    of America


          By: _____
                    David A. O'Neil
                    Anirudh Bansal
                    Assistant United States Attorneys
                    Tel.: (212) 637-2533/2516


44