



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New Yo*

# MEMO ENDORSED

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 21, 2008

**By Hand and Facsimile**

The Honorable Robert P. Patterson
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2550
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 2/21/08

Re: **United States v. Rafael Barrios**
**07 Cr. 658 (RPP)**

Dear Judge Patterson:

The Government respectfully submits this letter for two reasons. First, the Government moves *in limine* to request a ruling on the admissibility of counsel's statements during the November 2007 trial as admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2). Second, the Government requests that it be permitted to introduce certain business records in evidence through a certified declaration of a custodian of records that complies with Federal Rule of Evidence 902(11). The Government further requests that the Court resolve these matters prior to trial so that both parties may prepare accordingly.

### I.   Admissibility of Counsel's Statements At Prior Trial

The Government has been informed that, although counsel for the defendant clearly admitted certain facts during the November 2007 trial, defendant's counsel on retrial may disavow such admissions and argue different or contrary facts. The Government therefore respectfully moves *in limine* for a ruling on the admissibility of the statements of defense counsel at the November 2007 trial as admissions of a party opponent under Fed. R. of Evid. 801(d)(2).

Rule 801(d)(2) provides, in relevant part, that a statement is not hearsay if it is "offered against a party and is (A) the party's own statement, in either an individual or a

Honorable Robert P. Patterson
February 21, 2008
Page 2

representative capacity, . . . or (C) a statement by a person
authorized by the party to make a statement concerning the
subject, or (D) a statement by the party's agent or servant
concerning a matter within the scope of the agency or employment,
made during the existence of the relationship."

Based on this provision, the Second Circuit has clearly
and consistently held that "statements made by an attorney
concerning a matter within his employment may be admissible
against the party retaining the attorney." United States v.
McKeon, 738 F.2d 26 (2d Cir. 1984) (quoting United States v.
Margiotta, 662 F.2d 131, 142 (2d Cir. 1981), cert. denied, 461
U.S. 913 (1983)). The Second Circuit has made equally clear
"that this proposition extends to arguments counsel make to the
jury." United States v. GAF Corp., 928 F.2d 1253 (2d Cir. 1991)
(citing, inter alia, Oscanyan v. Arms Company, 103 U.S. 261, 263
(1880). See McKeon, 738 F.2d at 1259 ("An admission by a defense
attorney in his opening statement in a criminal trial has also
been held to eliminate the need for further proof on a given
element of an offense.").

This rule, the Court has explained, is based on
"considerations of fairness and maintaining the integrity of the
truth-seeking function of trials." GAF Corp., 928 F.2d at 1260.
McKeon, 738 F.2d at 31 ("To hold otherwise would not only invite
abuse and sharp practice but would also weaken confidence in the
justice system itself by denying the function of trials as
truth-seeking proceedings."). As the Second Circuit has
reasoned, "[c]onfidence in the justice system cannot be affirmed
if any party is free, wholly without explanation, to make a
fundamental change in its version of the facts between trials,
and then conceal this change from the final trier of the facts."
McKeon, 738 F.2d at 31.

To be sure, McKeon recognized certain limitations on
the admission at a subsequent trial of an attorney's statements
during jury addresses "in order to avoid trenching upon other
important policies." Id. at 32. In particular, McKeon made
clear that there must be an inconsistency between the prior
assertions and counsel's subsequent arguments, and further that
"the [prior] statements of counsel [must have been] such as to be
the equivalent of testimonial statements by the defendant, . . .
as when the argument is a direct assertion of fact which in all

2

Honorable Robert P. Patterson
February 21, 2008
Page 3

probability had to have been confirmed by the defendant." Id. at 33.

Abiding by those caveats, the Government will seek to introduce attorney statements from the November 2007 trial in the event defense counsel at the retrial seeks in any manner to dispute, challenge, or question the sufficiency or reliability of the evidence supporting the facts that: (1) the defendant carried and threw to the ground the gun that the arresting officer recovered from underneath the Chrysler; or (2) that the cocaine introduced at trial was found in the trunk of the defendant's Chrysler.

Any such assertion would be inconsistent with the following unequivocal admissions by counsel during the November 2007 trial:

- "I am not going to argue with the basic facts outlined by the government. The gun was thrown to the ground by Rafael Barrios, he was the owner of the Chrysler car, still is, and the cocaine that the prosecutor described was, in fact, found in his trunk." (Tr. at 15).

- "He clearly possessed the weapon. He very clearly violated state law in doing it." (Tr. at 18).

- "You have an individual who is standing on a street corner drinking with his friends who is in possession of a firearm." (Tr. at 105).

- "The evidence in the case, Judge, is rather simple and, I think largely uncontested... One of the Officers saw Mr. Barrios do something, which he thought was throwing a gun to the ground. And actually turned out to be what he thought." (Tr. at 161).

- "I made no bones about it in my opening, he clearly had the gun and threw it to the ground." (Tr. 238).

These statements are plainly "direct assertion[s] of fact which in all probability had to have been confirmed by the

3

Honorable Robert P. Patterson
February 21, 2008
Page 4

defendant." <u>McKeon</u>, 738 F.2d at 33. Their admission does not
implicate any of the concerns underlying the caveats articulated
in <u>McKeon</u>. And the interest in admitting the statements is
particularly strong because they are "offered to show admission
of an element of the offense, a use that would directly prove the
Government's case and expedite the trial." <u>United States</u> v.
<u>Valencia</u>, 826 F.2d 169, 173 (2d Cir. 1987).

        To permit adequate preparation by both parties, the
Government respectfully requests a ruling prior to trial on the
admissibility of these statements in the circumstances outlined
above.

## II.    Introduction of Business Records Through Declaration of Custodian of Records

        At the retrial, the Government may introduce (and
hereby provides the requisite notice that it may introduce)
certain business records through a certified declaration of a
custodian of records that complies with Fed. R. Evid. 902(11).
Recent cases confirm that introducing business records in this
manner is permissible and does not violate the Constitution's
Confrontation Clause.

        In <u>United States</u> v. <u>Feliz</u>, 467 F.3d 227 (2d Cir. 2006),
the Second Circuit recently considered whether business records
that are admissible under the hearsay exception in Fed. R. Evid.
803(6) constitute "testimonial" evidence subject to the
requirements of the Confrontation Clause. In holding that
business records are not testimonial, the Court noted that such a
rule "accords with the need to preserve the efficiency and
integrity of the truth-seeking process." <u>Id.</u> at 236. The Court
also noted approvingly former Chief Justice Rehnquist's view that
the Supreme Court's decision in <u>Crawford</u> v. <u>Washington</u>, 541 U.S.
36, (2004), as a categorical matter does not apply to business
records. <u>Feliz</u>, 467 F.2d at 236. "To hold otherwise," the
Second Circuit pointed out, "would require numerous additional
witnesses without any apparent gain in the truth-seeking
process." <u>Id.</u> (quoting <u>Crawford</u>, 541 U.S. at 76) (Rehnquist,
C.J., concurring).

        Similarly, in <u>United States</u> v. <u>Ellis</u>, 460 F.3d 920 (7th
Cir. 2006), the Seventh Circuit considered the same question and
ruled that a "written certification entered into evidence

4

Honorable Robert P. Patterson
February 21, 2008
Page 5

pursuant to Rule 902(11) is nontestimonial just as the underlying
business records are." Id. at 927. The Court therefore rejected
a Confrontation Clause challenge to the admission of business
records through a Rule 902(11) declaration, rather than a live
witness.

     In the interest of efficiency and judicial economy, the
Government may seek to introduce business records as permitted by
Federal Rules of Evidence 803(6) and 902(11), and requests a
ruling regarding the permissibility of doing so.

                             Respectfully submitted,

                             MICHAEL J. GARCIA
                             United States Attorney
                             Southern District of New York

                    By:_____

                           DAVID A. O'NEIL
                           ANIRUDH BANSAL
                           Assistant United States Attorneys
                           (212) 637-2533/2516

cc:   Toni Marie Angeli, Esq.
     (fax: 516-745-0596)

SEE TYPEWRITTEN MEMO
ENDORSEMENT ATTACHED

*[handwritten memo endorsement:]* application granted in
part. The government
is to provide the Court and
the defense with copies of
the business records sought
to be introduced by
2/21/08.
So ordered
Robert P. Patterson
USDJ.
2/21/08 1PM

5

Case:       U.S. v. Rafael Barrios
Index No.   07 Cr. 658 (RPP)


**MEMO ENDORSEMENT READS:**

*Application granted in part. The government is to provide the Court and the defense with copies of the business records sought to be introduced by 2/21/08.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 2/21/08*