LAW OFFICES OF
# BRUCE A. BARKET, P.C.
*Attorneys at Law*

666 OLD COUNTRY ROAD
SUITE 600
GARDEN CITY, NEW YORK 11530

BRUCE A. BARKET

TONI MARIE ANGELI
ANNAMATESHA N. HOWELL

(516) 745-0101
FAX (516) 745-0596
E-MAIL: Babarket@aol.com

OF COUNSEL
ANDREA D. HOROWITZ

March 3, 2008

Honorable Robert Patterson
United States District Court-Southern District
500 Pearl Street, Room 2550
New York, NY 10007-1312

Re:         **United States v. Rafael Barrios**
Docket No.:  **07-CRIM-658**

Dear Judge Patterson:

After jury trial before Your Honor, the defendant moves, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for acquittal of all charges on grounds that evidence submitted by the government was insufficient as a matter of law. It is the defense position that the evidence presented at the trial before this Court, or lack of thereof, requires this court to dismiss the indictment.

## STATEMENT OF FACTS

On March 30, 2007, three New York City police officers, traveling in an unmarked vehicle, approached a group of somewhere between four to six men standing on the sidewalk of Prospect Avenue in the Bronx, New York. According law enforcement, the officers saw the men were

holding cups in their hands and suspected violations of the prohibition against drinking alcohol from an open container. According to Police Officer Sam, the men were standing near a Chrysler. That car was later determined to be registered to Rafael Barrios, the defendant.

Upon approaching the men, Officer Sam testified that the defendant was observed tossing what appeared to be a handgun underneath the Chrysler. At that point; the defendant was placed under arrest and, thereafter, a handgun was recovered from underneath the car. At that time, the defendant provided law enforcement with the name "Joel Bennet".

Law enforcement did not observe any person inside the black Chrysler, had no information at what time the vehicle arrived at the location, nor any indicators as to who, or how may persons, had been inside the Chrysler prior to the vehicle's arrival on Prospect Avenue. Further, testimony established, in no uncertain terms, that there were no indicators that any narcotic related activity was afoot.

At least some of the men who were standing on the side of the street, including Rafael Barrios, received a summons for drinking an alcoholic beverage out of an open container.

Subsequent to Mr. Barrios being brought to the precinct for processing, two small bags of marijuana, the keys to the Chrysler and a license bearing the defendant's photo and the name Rafael Barrios were recovered from inside the defendant's pants pocket and wallet. Law enforcement then returned to Prospect Avenue, at which time the defendant's vehicle was seized and later searched. According to the testimony, the vehicle was unlawfully parked within a bus stop.

During the course of conducting what was ostensibly referred to as an "inventory search" of the vehicle, narcotics were recovered from inside the trunk. During the course of a later search of

the vehicle, two bags of marijuana and a marijuana grinder were recovered from the front console and between the cushions of the rear passenger seat of the vehicle.

At no time on March 30, 2007, did law enforcement observe Mr. Barrios, or any of the individuals near him, inside the black Chrysler. Nor did Law Enforcement observe Mr. Barrios, or any of the individuals near him, accessing the Chrysler, or its trunk, at any time.

### **RULE 29 MOTION**

A motion pursuant to Rule 29 raises the question of whether the evidence presented at trial was sufficient to support a verdict. As the court pointed out in United States v. Jones, 174 F.2d 746, 748 (7th Cir. 1949), a motion for acquittal pursuant to Rule 29 "is a challenge to the Government in the presence of the court that the Government has failed in its proof. The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the [government], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). The motion is not required by the rules to be in writing or to specify the grounds therefor." Here, however, given the unique set of facts presented in this case - in particular that law enforcement did not observe Mr. Barrios, or any of the individuals near him, inside or driving the black Chrysler, let alone accessing its trunk, at any time on March 30, 2007 - the defense submits this letter brief in support of its position that evidence presented by the government was insufficient.

It is the defense position that the government failed to establish, by sufficient competent and constitutionally permissible evidence, that the defendant was guilty of Count One, that he unlawfully, intentionally and knowingly possess with the intent to distribute a controlled substance

3

in violation of Title 21, United States Code, § 812, 841 (a)(1) and 841 (b)(1)(C), or, <u>Count Two</u>, that the defendant employed a firearm to facilitate the crime of drug trafficking in violation of Title 18, United States Code, § 924( c)(1).

> **I.   The Government failed to establish that Mr. Barrios unlawfully, intentionally and knowingly possess with the intent to distribute a controlled substance in violation of Title 21, United States Code, § 812, 841 (a)(1), and 841 (b)(1)(C).**

To prove possession with the intent to distribute, the government is required to show that Rafael Barrios knowingly and intentionally possessed with the intent to distribute cocaine which was found inside a vehicle that was locked, unoccupied and parked on the side of the road for an unknown period of time. <u>See</u> 21 U.S.C. § 841(a); <u>United States v. Rodriguez</u>, 392 F.3d 539 (C.A.2, 2004); <u>United States v. Boonphakdee</u>, 40 F.3d 538, 541-42 (2d Cir.1994); <u>United States v. Samaria</u>, 239 F.3d 228, 233 (2d Cir. 2001).

"The possession element of a § 841(a)(1) offense can be satisfied through direct or circumstantial evidence that the defendant had either actual or constructive possession of the drugs. <u>See United States v. Gordils</u>, 982 F.2d 64, 71 (2d Cir.1992); <u>United States v. Bryce</u>, 208 F.3d 346, 353 (2d Cir.1999); <u>United States v. Campbell</u>, 210 F.3d 356, 2000 WL 426196, at 1 (2d Cir. April 18, 2000) (unpublished opinion)." <u>Gutierrez v. United States</u>, 2005 WL 2207026 (S.D.N.Y., 2005).

In this case, law enforcement merely observed some apparent friends hanging out on the side of the street, recovered a gun, placed Mr. Barrios under arrest and later recovered some narcotic from inside the locked, unoccupied, parked vehicle. It was conceded at trial that law enforcement had no indication that any narcotic related activity was or had been occurring at the time of Mr. Barrios'

arrest. Further, the narcotics were not found on Mr. Barrios person, but were recovered inside the trunk of the vehicle some time later, during the process of impounding the vehicle for safekeeping and/or an apparent parking violation. To establish constructive possession, the government must demonstrate that Mr. Rafael Barrios had "the power and *intention* to exercise dominion and control over" the cocaine - which was found inside a locked vehicle, which was driven to the location by an unspecified person, and parked on Prospect Avenue for an unknown period of time. United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998)

Mere presence at the location where contraband is recovered does not establish possession. United States v. Rios, 856 F.2d 493, 496 (2d Cir.1988) (per curiam). In the Samaria, the Court held that an individual riding as a passenger in his own car which contained contraband, was not in constructive possession of the contraband because "[t]here is no evidence that [the defendant] handled any of the [items] or directed where they were to be taken or what was to be done with them." Samaria, 239 F.3d at 239. Similarly, in Rodriguez, the Court found - although the defendant the was owner of the vehicle that was used in the drug transaction, weapons were present inside the vehicle, and defendant was possibly sitting next to the heroin recovered from the backseat of the vehicle immediately before the heroin was seized - that there was insufficient evidence that the defendant had the knowledge and intent as required to sustain a conviction for possession with intent to distribute heroin. United States v. Rodriguez, 392 F.3d 539 (C.A.2, 2004).

As a matter of law, mere proximity to contraband, even where one owns or is present inside the vehicle in which the contraband is recovered, is insufficient to support a finding of constructive possession. See United States v. Gordils, 982 F.2d 64, 71 (2d Cir.1992). Here, evidence at trial merely established that Mr. Barrios' was present *on a sidewalk*, along with three or four other males,

as the group chatted and drank alcoholic beverages *near the vehicle.* Law enforcement observed these four men were standing near the vehicle at this one moment in time. There is no indication of how long the four men had been assembled together at that location, nor the method by, nor time at which, each, or any, of these individuals arrived at the location. Further, there is absolutely no indication of how long the vehicle, which was later determined to be registered to Mr. Barrios, was at the location. Nor was it established who the last occupant(s) of the vehicle was[were], the names and number of person who had been riding inside the vehicle, nor when and who, had last accessed the vehicle - let alone its trunk.

Here, the government has failed to establish that Mr. Barrios had knowledge, or even was present, at the time that narcotics were placed in the trunk of the vehicle. Although numerous individuals were present outside the vehicle at the time of Mr. Barrios' arrest, and the government was aware of the name and addresses of these witnesses, at trial the government did not call any of these individual to provide testimony establishing who drove the car to that location, nor the names of any other persons who had been present inside the vehicle and/or accessing the vehicle's trunk on March 30, 2007. Certainly it would be relevant to know whether it was Rafael Barrios, or some other individual, who drove the vehicle to the location on March 30, 2007. Here, where law enforcement did not witness any person accessing or placing the bag containing cocaine inside the trunk, it would be important to know whether any of the men present outside the car witnessed such conduct, and by whom. Given the scant information establishing no more than the presence of the contraband inside the vehicle, the government has failed to elicit sufficient evidence establishing this particular defendant's knowledge that there was cocaine inside the vehicle, let alone that his intent

6

was to distribute that controlled substance in violation of Title 21, United States Code, § 812, 841 (a)(1), and 841 (b)(1)(C).

### II. The Government failed to establish that Mr. Barrios employed a firearm to facilitate the crime of drug trafficking.

It is the government's theory that the defendant used a firearm in furtherance of a narcotics trafficking in violation of Title 18, United States Code, § 924(c)(1). The defendant asserts that, even if the court finds a violation of Title 21, United States Code, § 812, 841 (a)(1), and 841 (b)(1)(C), the evidence elicited at trial failed to establish a nexus between defendant's alleged possession of narcotics and the firearm observed in his possession. It is the defense position that where, as here, there is no evidence that an act of narcotic trafficking was occurring *at the time* the defendant was observed in possession of a firearm, there is an *insufficient nexus* between the firearm and the narcotics trafficking the possession of the firearm is said to have furthered.

In order to sustain a conviction under § 924(c)(1), the government must establish the existence of a *specific nexus* between the charged firearm and the charged narcotics trafficking operation. United States v. Snow, 462 F.3d 55 (2d Cir. 2006); United States v. Canady, 126 F.3d 352 (2d Cir. 1997), cert denied, 118 S.Ct 1092 (U.S. 1998).

For purpose of the offense of possession of a firearm in furtherance of a crime of drug trafficking, it has been widely recognized that mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. The government must instead *prove* that the defendant *actively employed the gun* and that the firearm possession *actually furthered the drug*

*trafficking offense*. See United States v. Basham. 268 F.3d 1199 (10th Cir. 2001); United States v. Davis, 924 F.Supp 1082 (DC Kan, 1996); United States v. Simpson, 94 F.3d 1373, cert denied, 136 L.Ed.2d 324 (CA10, 1996); United States v. Monroe, 73 F.3d 129 (CA7, 1995); United States v. Charles, 469 F.3d 402 (5th Cir. 2006); United States v. Sparrow, 371 F.3d 851 (3d Cir. 2004); United States v. Snow, 462 F.3d 55 (2d Cir. 2006).

In Bailey v. United States, 516 U.S. 137(1995), the United States Supreme Court held that a defendant cannot be convicted of "using" a firearm under 924(c) unless he "active [ly] employ[s]" the weapon, such as by "brandishing, displaying, bartering, striking with [or] most obviously, firing or attempting to fire [it]." Id. at 143. In Bailey, the Supreme Court overruled the broader test for "use" that this circuit had relied on, which previously held that defendants could be found guilty of "using" a firearm under § 924(c) whenever "the circumstances surrounding the presence of a firearm in a place where drug transactions take place suggest that it was strategically located so as to be quickly and easily available for use during such a transaction". United States v. Triestman, 178 F.3d 624 (CA2d 1999). Following Bailey, our circuit has recognized that the statutory provision of 924(c) require the firearm to serve some purpose with respect to the felonious conduct and that, conversely, where the firearm's presence is merely incidental to the conduct, that requirement has not been met. United States v. Ortega, 385 F.3d 120 (2d Cir. 2004).

Under the statute criminalizing possession of firearm in furtherance of drug trafficking, evidence specific to this particular defendant - evidence showing that his possession of a firearm actually furthered his commission of the charged drug trafficking offense - is required. The defense asserts that the requirement was not met in this case. It is not enough, as a matter of law, to suppose or presume, that because the defendant had a gun, and because narcotics were

8

recovered, that the defendant intended to use that gun to protect the narcotics. The evidence did not support, and in fact contradicted any finding that the defendant was doing anything other than standing on the side of the street, in the company of some apparent friends, with whom he was engaged in sharing some alcoholic beverages. What the defendant may or may not have intended to do with the gun, in relation to the narcotics, at some later point in time - is irrelevant. The government was required to show that the firearm recovered was performing that function *at the time* of the narcotics trafficking crime charged.

Here, no witness testified, no evidence was introduce and no inference arose that the firearm played even the slightest role in the commission of a drug transaction. To the contrary, it is uncontested that law enforcement did not observe a drug transaction take place, nor any indicators that criminal activity relating to narcotics trafficking was occurring, at the time the firearm was recovered and Mr. Barrios placed under arrest. At that time, law enforcement observed and encountered Mr. Barrios along with several other males who were standing on the sidewalk sharing alcoholic beverages. There were no signs of distress, no furtive movements, no exchange of large amounts of United States Currency, no hand to hand exchanges were observed. On the contrary, these apparent friends were simply hanging out, chatting and sipping at their drinks. At best, the paucity of evidence presented during the course of the trial supports an inference that the defendant might have possessed the firearm on the sidewalk with the intent to utilize it, at some later place and time, in some illegal activity, one of which may have been to either protect or facilitate the distribution of narcotics that would remain, until this later time and place, secured away in the trunk of the car.

### III. The Government's Closing Argument Impermissibly Broadened the Terms of the Indictment and Impermissibly Narrowed the Sufficiency of Proof Required Under the Indictment In Violation of the 5th Amendment and the Defendant's Right to Due Process of Law.

In this case, Count One of the underlying complaint charged that "RAFAEL BARRIOS, the defendant, unlawfully, intentionally, and knowingly did *distribute and possess* with the intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine, in the trunk of his car. Count Two charged that the defendant, did <u>use</u> and carry a firearm "during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the offense charged in Count One of this complaint." (emphasis added). The grand jury returned a two-count indictment against Mr. Rafael Barrios on July 19, 2007. Intent to distribute narcotics, which remained disputed in throughout the pendency of this case, is required for conviction under section 841(a), *distribution*, and not under section 844(a), *possession*. Further, the indictment returned by the grand jury specifically delineated that the defendant "did <u>use</u> and carry a firearm" during and in relation to a drug trafficking crime.

Violation of the right to be tried only on charges presented in indictment returned by grand jury requires reversal of conviction. <u>U.S.C.A. Const.Amend. 5</u>. It has been clearly recognized in <u>Stirone v. United States</u> 361 U.S. 212 (1960), that the Fifth Amendment's Grand Jury Clause limits the available bases for conviction to those contained in the indictment. <u>See also</u>, <u>Schmuck v. United States</u>, 489 U.S. 705, 717-718 (1989). Convictions that result from trial proof that goes beyond the parameters of the indictment, or that *contradict or supplement verbiage* in the indictment, cannot stand because there s no assurance that the conviction matches

10

the offense charged. Further, case law is clear that a conviction that rests, no matter how comfortably, on proof of another offense cannot stand. See United States v. Miller, 471 U.S. 130, 138-40 (1985).

It is the settled rule in Federal court that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form, as opposed to proof. In United States v. Fabrizio, 385 U.S. 263, 275 (1966), the United States Supreme Court specifically rejected the notion the "it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes..."

In this case, the Government's proof at trial and the Government's argument presented at the close of the case - that defendant's possession of a firearm on the side of the street served to establish that he had knowledge of the cocaine secreted in the closed trunk because he was guarding the cocaine with the firearm - constructively amended the indictment by allowing simple possession of the firearm to prove-up knowledge and possession of the cocaine. Such construction is not only impermissible, but could not feasibly be anticipated by the defense for the simple reason that the narcotics trafficking offense is an element of the firearm possession count, and according to the jury verdict submitted, must be established beyond a reasonable doubt, *both _independently of_ and _prior to_*, any finding on the fire arm possession count.

Here, a conviction relying on a finding that the gun was possessed in furtherance of drug trafficking *first*, followed by a finding on the narcotic trafficking *second* - as argued by the government - constituted an impermissible broadening of the indictment and terms of proof, for

such a finding was excluded by the terms of this case, the indictment returned and the charge given by the Court.

In addition, the discrepancies were further confounded by the Government's repeated references to "drug trafficking" in its closing argument. "Distribution" and "possession with intent to distribute" are two separate offenses. Because "distribution" relates to different conduct than does "possession with intent to distribute", not just in theory but in under the facts of this case, a reference to drug trafficking cannot be deemed the equivalent of a referencing to narcotics possession. This confusion is exacerbated by the fact that "illicit trafficking in a controlled substance" or "'drug trafficking" as those terms are used in ordinary speech, have vastly different meaning that the inclusionary approach of 18 U.S.C. § 924(c)(2), which holds that "any felony punishable under the Controlled Substances Act meets the definition of drug trafficking". Given that under the facts of this case, no evidence linked the gun to Mr Barrios' actual distribution of cocaine (which would theoretically have taken place at some unknown past and future time and place) and no evidence indicated that any distribution occurred on the sidewalk where the defendant was found in possession of the firearm (possession of drugs for later distribution is not "distribution") and because a hypothetical future distribution is not a legitimate basis for a current conviction, the weapons conviction could only have been based upon the possession-protection theory presented by the government. This theory falls outside the scope of the indictment - which specifically designates that the defendant did "*use and carry* a firearm .... during and in relation to a drug trafficking crime." In this case, there was insufficient evidence that the defendant was engaged in "drug trafficking" at the time he carried the firearm, and further, although there may have been evidence that the defendant carried the firearm, the

evidence was insufficient to establish that the firearm was "used", let alone used "during and in relation to a drug trafficking crime."

Under the recent Supreme Court precedent of United States v. Bailey, 116 S.Ct. 501 (1995), the term "use" in 18 U.S.C. § 924(c), requires evidence sufficient to show an active employment of the firearm by the defendant. There the Supreme Court concluded that having a weapon in the locked trunk of one's car was insufficient to support a conviction under § 924(c) as "[p]lacement for later active use does not constitute 'use.'" *Id.* at 509. Here, as Mr. Barrios did not brandish, display, barter with, strike with, fire, or attempt to fire his weapon on the date he was arrested, under *Bailey,* therefore, he did not "use" his weapon. *Id.* at 508.

The problem, however, is that the prosecutor repeatedly insisted in the course of its closing that the gun was "utilized to guard the drugs". Further the court, in its instructions, informed the jury that they could convict the defendant of the 924(c) charge under either a "use" or a "carrying" theory, even though there was no evidence of "use" in the record. The jury, therefore, easily could have thus relied upon the prosecution's language to convict the defendant under the "use" prong of section 924(c), even though the evidence was legally insufficient as a matter of law. For example, if the jury concluded that the presence of the gun offered Mr. Barrios protection, passively facilitated Mr. Barrios' drug dealing, or emboldened him as he drove around town in possession of a significant quantity of cocaine, the court's instruction erroneously would have permitted the jury to convict him of using -not carrying- the weapon even though he *never actively employed the weapon* as Bailey requires.

Thus, for the foregoing reasons, the Grand Jury Clause and defendant's right to Due Process of Law were violated by the government's argument that a violation of Count Two, the

13

firearms count, could be determined *first* and then serve to prove up the existence of Count One, the narcotics count, second. Further, the court's charge and prosecution's argument allowed the jury to misapprehend the burden of proof and find that the defendant "used" a firearm, when as a matter of law, no such finding was permissible under the evidence.

### CONCLUSION

The defendant challenges each of the counts as being supported by insufficient evidence; as being based upon legally incompetent evidence and charges; as being jurisdictionally unsound; as failing to establish a sufficient nexus between the crimes charged and interstate commerce as required under the law; and as being an impermissible variance on the required burden of proof; and as being achieved by an impermissible narrowing and broadening of the scope of the indictment.

Dated:  Garden City, New York
         March 3, 2008

Respectfully submitted,
BARKET & ANGELI

By: _____
Toni Marie Angeli
*Attorneys for Rafael Barrios*
666 Old Country Road, Suite 600
Garden City, New York  11530
(516) 745-0101

14