UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

                                                  07 Cr. 658 (RPP)

        - against -                                         **OPINION & ORDER**

RAFAEL BARRIOS,

                          Defendant.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J**.

       On February 27, 2008, following a jury trial, Rafael Barrios ("the Defendant") was convicted of: 1) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841; and 2) carrying a firearm during and in relation to the drug trafficking crime charged in Count One, and/or possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c).

       On March 24, 2008, the Defendant moved pursuant to Rule 29 of the Federal Rules of Criminal Procedure for acquittal of both charges on the grounds that the evidence submitted by the Government was insufficient as a matter of law.  The Defendant also moved to dismiss the indictment on the grounds that the Government's closing argument broadened the terms of the indictment, and narrowed the sufficiency of proof required under the indictment, in violation of the Defendant's Right to Due Process of Law under the Fifth Amendment.[1]  For the reasons that follow, the Defendant's motion is denied.

**DISCUSSION**

    **I.**        **The Sufficiency of the Evidence**

---

[1] On April 4, 2008, the Government submitted a letter in opposition to the Defendant's motion.

It is well settled that "[a] defendant who challenges his conviction based upon the sufficiency of the evidence bears a heavy burden." United States v. Griffith, 284 F.3d 338, 348 (2d Cir. 2002). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Finally, when analyzing the sufficiency of the evidence in a Rule 29 motion, the "test must be applied to the totality of the government's case and not to each element, as each fact may gain color from others." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999).

### a) Count One

Here, after reviewing the record in the light most favorable to the Government, a rational trier of fact had more than sufficient evidence to convict the Defendant of knowingly, intentionally, and unlawfully possessing cocaine with the intent of distributing it. As the Court instructed the jury, the Government could prove that the Defendant possessed the cocaine by showing actual or constructive possession. (Tr. 304-307.) See United States v. Gordils, 982 F.2d 64, 71 (2d Cir. 1992) ("Possession with intent to distribute narcotics may be established by proof of the defendant's actual or constructive possession of the narcotics. Constructive possession exists when a person knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.")

The Defendant stipulated that 496 grams of cocaine with 64.4% purity were found in the closed and locked trunk the Chrysler 300M, which was registered to the Defendant. (Tr. 44-45; Gov't Exs. 5, 27, 32.) Cell phone records showed that the Defendant had

traveled on the morning of his arrest from his home in Hammonton, New Jersey to the Bronx (Tr. 163-165, Gov't Exs. 17, 18), where he was arrested by police officers for possession of a firearm in the immediate vicinity of the trunk of his Chrysler 300M. (Tr. 114-115, 118.)  Upon being questioned by Officer Kevin Sam, the Defendant lied about his identity by giving a false name, "Joe Bennett" (Tr. 35-36), and by denying he was "Rafael Barrios." (Tr. 36.)  The key to the Defendant's unoccupied Chrysler 300M was found in the Defendant's pocket (Tr. 38), at which point the Defendant lied again by stating that the key in his pocket was for a Chrysler Sebring rather than for a Chrysler 300M. (Tr. 39.)  The Defendant's efforts to disassociate himself from the car were evidence that he knew that the 496 grams of cocaine were in the locked trunk of his car. Finally, the expert testimony of Special Agent Matthew G. Donahue about the quantity and purity level of the approximately half a kilogram of cocaine in the trunk of the Defendant's car, along with the presence of sandwich bags, provided grounds for the jury to find that the cocaine was intended to be distributed.  All of these facts were sufficient for a rational trier of fact to conclude that the Defendant knowingly and intentionally possessed the cocaine in the locked trunk of his Chrysler 300M with the intent to distribute it.

   The Defendant's reliance on United States v. Samaria, 239 F.3d 228 (2d Cir. 2001) is misplaced.  In Samaria, the defendant's conviction of being a member of a conspiracy to receive or possess stolen goods and conspiring to commit credit card fraud was reversed because there was no evidence to show his knowledge of the object of the conspiracy.  There, the government "presented no evidence of any other contact or connection between the defendant and two convicted co-defendants outside of [the

3

defendant's] presence at the [scene]." Id. at 233.  Here, the Defendant's knowledge that the cocaine was in the trunk of the Chrysler 300M could reasonably be inferred from his false statements about his connection to his car, and from his cell phone records, which roughly showed the route that he had traveled that day from his home in Hammonton, New Jersey to the place of his arrest in the Bronx.

The Defendant's reliance on United States v. Rodriguez, 392 F.3d 539 (2d Cir. 2004) is also misplaced.  There, the defendant's conviction of conspiracy to possess heroin with the intent to distribute it was reversed; but, contrary to the evidence here, the car in which the heroin was found was registered to someone other than the defendant; and there was no evidence indicating that the defendant had knowledge of the drugs' presence in the vehicle.  Id. at 545-548.

### b) Count Two

The Government also presented sufficient evidence for a rational trier of fact to convict the Defendant of both unlawfully, willfully, and knowingly, carrying a firearm during and in relation to a drug trafficking crime, and possessing the firearm in furtherance of that crime.

> In this Circuit, the carry prong is satisfied if the evidence establishes that, during and in relation to the underlying crime, the defendant either (1) had physical possession of the firearm, or (2) moved the firearm from one place to another.

United States v. Cox, 324 F.3d 77, 82 (2d Cir. 2003) (quoting United States v. Persico, 164 F.3d 796, 802 (2d Cir. 1999).

At trial, the defense counsel stated to the jury, "clearly he was involved in illegal activity of carrying a gun.  I mean, there's just no doubt about that." (Tr. 259.)

The Second Circuit has held that carrying "a firearm in relation to a drug trafficking crime requires the government to demonstrate a nexus between the firearm

4

and the underlying drug trafficking crime." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998).  To find that the firearm was carried in relation to the drug trafficking offense, the "firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence."  Smith v. United States, 508 U.S. 223, 238 (1993).

Here, the Defendant made attempts to conceal that he was the owner and driver of the car by denying that he was "Rafael Barrios," and by claiming the car key found in his pocket belonged to another car.  In addition, his possession of a loaded firearm immediately prior to his arrest in close proximity to the trunk of his car, which contained the cocaine, was sufficient evidence for a rational trier of fact to conclude that the Defendant was carrying the firearm during and in relation to his possession with intent to distribute the 496 grams of cocaine worth approximately $14,000 (Tr. 201) found in the locked trunk of his Chrysler 300M.

On these same facts, a reasonable juror could conclude that the Defendant possessed the firearm in furtherance of his drug trafficking crime, because the firearm "facilitated or advanced the instant drug trafficking offense by protecting himself, his drugs, and his business." United States v. Snow, 462 F.3d 55, 63 (2d Cir. 2006.)

## II.    The Indictment and the Defendant's Right to Due Process

The Defendant argues that Count One of the indictment impermissibly charged the Defendant with distributing and possessing with the intent to distribute cocaine. (Def.'s Letter Br. at 10, 12.)  This argument is factually incorrect in that Count One of the indictment only charged the Defendant with possession with intent to distribute cocaine. The Court also instructed the jury that "the Government need prove only that the

5

Defendant possessed the cocaine with the intent to distribute it. The Government need not prove the defendant actually distributed it." (Tr. 310.)

The Defendant also argues that his right to due process was violated because: 1) Government impermissibly broadened the terms of the indictment by its reliance, in its summation, on the Defendant's possession of a loaded firearm to prove the Defendant's knowing and intentional possession of the cocaine charged in Count One (Def.'s Letter Br. at 10, Tr. 241-243); and 2) the Government impermissibly narrowed the sufficiency of proof required under Count Two[2] of the indictment by not proving that the Defendant both "used" and "carried" the firearm during and in relation to the drug trafficking crime charged in Count One. (Def.'s Letter Br. at 10.)

The Defendant's argument that the Government impermissibly broadened the scope of the indictment by the Government's reliance on the Defendant's possession of the loaded gun to prove knowing possession of the cocaine in the trunk of his Chrysler 300M is without merit. That portion of the Government's summation, which was only one of several points indicating the Defendant's knowledge of the cocaine, was a proper response to the Defense's suggestion in its opening statement that the cocaine could have belonged to one of the four other suspects, none of whom had a firearm. (Tr. 17-18.) The Defendant also made no objection to the argument either during or after the Government's summation.

---

[2] Count Two of the indictment states that the Defendant, during and in relation to a drug trafficking crime, "did use **and** carry a firearm, **and** in furtherance of such crime, possessed a firearm." (Indictment) (emphasis added). 18 U.S.C. § 924(c)(1)(A), which is the statute cited in Count Two of the indictment, states that "any person who, during and in relation to any crime of violence or drug trafficking crime…for which the person may be prosecuted in a court of the United States, uses **or** carries a firearm, **or** who, in furtherance of any such crime, possesses a firearm, shall [be guilty]." 18 U.S.C. § 924(c)(1)(A) (emphasis added).

6

The Defendant suggests that due to the Government's summation, the conviction on Count One was based "on a finding that the gun was possessed in furtherance of drug trafficking **first**, followed by a finding on the narcotic trafficking **second**." (Def.'s Letter Br. at 11) (emphasis in original). The Court's charge, however, explicitly instructed the jury on the elements of Count One, which did not involve possession of a firearm. The Court further instructed the jury as follows: "you must consider each count of the indictment separately and return a separate verdict on each count in which the defendant is charged…**only if you find the defendant guilty of count one, are you to go on and consider count two**." (Tr. 302, 310) (emphasis added). Question 2 of the verdict form also reminded the jury of this instruction by stating, "if you answered "Guilty" in Question 1 [Count One], answer the following question [Count Two]." There was no constructive amendment of the indictment, and the jury properly convicted the Defendant of Count One prior to and independently of Count Two.

The Defendant's last argument that the Government impermissibly narrowed the scope of the indictment by not proving that the Defendant both used and carried the firearm (Def.'s Letter Br. at 10) is also contrary to well-settled case law. The Supreme Court has stated:

> The Court has long recognized that an indictment may charge numerous offenses or the commission of any one offense in several ways. As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime.

United States v. Miller, 471 U.S. 130, 136 (1985).

The Supreme Court has also held that "when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive…the verdict stands if the evidence is

7

sufficient with respect to any one of the acts charged." Turner v. United States, 396 U.S. 298, 420 (1970).  Accordingly, the Government did not have to prove the Defendant "used" a firearm during and in relation to a drug trafficking crime as alleged in the indictment.  The proof at trial was adequate to prove that the Defendant "carried" a firearm during and in relation to a drug trafficking crime, and that he "possessed" a firearm in furtherance of a drug trafficking crime.

Furthermore, this Court clarified the legal standard for convicting the Defendant of Count Two by instructing the jury that:

> in this case the defendant is charged with **carrying** a firearm during and in relation to the crime charged in count one **and possessing** the firearm in furtherance of that crime...the government must prove beyond a reasonable doubt…that the defendant **either carried** a firearm during and in relation to the drug trafficking crime charged in count one **or** that he **possessed** a firearm in furtherance of that drug trafficking crime.  The government must prove **either** one of these two things beyond a reasonable doubt, that the defendant **carried** a firearm during and in relation to the drug crime **or** that the defendant **possessed** the firearm in furtherance of that crime.  The government **does not need to prove both**, although the same conduct may constitute both "carrying" and "possession.  However, in order to convict the defendant, all twelve of you must unanimously agree that the defendant carried the firearm during and in relation to the drug trafficking crime **or** all twelve of you must unanimously agree that the defendant possessed the firearm in furtherance of a drug trafficking crime.  Six for carrying and six for possessing will not do.  Of course, if all twelve of you agree that the defendant both carried the firearm during and in relation to a drug trafficking crime and possessed the firearm in furtherance of a drug trafficking crime, that is sufficient."

(Tr. 311-313) (emphasis added).

## CONCLUSION

For the foregoing reasons, the Defendant's motion for acquittal and to dismiss the indictment is DENIED.

IT IS SO ORDERED.

Dated: New York, New York
July **3**, 2008

                                                    Robert P. Patterson, Jr.
                                                    U.S.D.J.

*Copy of this Opinion and Order Sent to:*

*Counsel for the Defendant*

Ms. Toni Marie Angeli, Esq.
Law Offices of Bruce Barket, PC
666 Old Country Road
Garden City, NY 11530
Tel: (516) 745-0101
Fax: (516) 745-0596

*Counsel for the Government*

Mr. David Andrew O'Neil, Esq.
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2533
Fax: (212) 637-2527

9