**BARKET & ANGELI, P.C.**
*Attorneys at Law*
666 OLD COUNTRY ROAD
SUITE 600
GARDEN CITY, NEW YORK 11530

BRUCE A. BARKET

TONI MARIE ANGELI

(516) 745-0101
FAX (516) 745-0596
E-MAIL: bbarket@barketangeli.com

August 24, 2008

The Honorable Robert R. Patterson
Senior United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **United States v. Rafael Barrios**
    **Docket No. 658-2007**

Dear Judge Patterson:

Please accept this letter memorandum submitted on behalf of my client, Rafael Barrios, who is scheduled for sentencing before Your Honor on Monday, August 25, 2008, at 10:00 a.m.

## PROCEDURAL HISTORY

On March 30, 2007, Mr. Barrios was arrested by three New York City police officers who witnessed Mr. Barrios, along with three other men, standing on the sidewalk next to a Chrysler parked on Prospect Street in the Bronx, New York. According to law enforcement, the officers observed the men holding cups in their hands and, suspecting violations of the prohibition against drinking alcohol from an open container, approached to investigate. Upon approaching the men, Officer Sam testified that the defendant was observed tossing what may have been a handgun underneath the Chrysler and, at that point, Mr. Barrios was placed under arrest.

Subsequent to Mr. Barrios' arrest, a handgun was recovered from underneath the Chrysler. Mr. Barrios was brought to the precinct for processing, and subsequently the Chrysler, which was registered to Mr. Barrios, was searched and seized. Narcotics and other physical evidence were recovered from inside the trunk of the vehicle. As the trial testimony made apparent, law enforcement did not observe Mr. Barrios, or any of the individuals standing with him next to the Chrysler, inside the vehicle nor accessing the trunk to the Chrysler at any time.

Mr. Barrios was held in state custody until he was arrested by federal agents on April 27, 2007. On or about July 19, 2007, a grand jury for the Southern District of New York issued a two-count Indictment charging the following: Count One, that the defendant unlawfully, intentionally and knowingly possessed with the intent to distribute a controlled substance in violation of Title 21, United States Code, § 812, 841 (a)(1) and 841 (b)(1)(C), a class C felony, and, Count Two, that the defendant employed a firearm to facilitate the crime of drug trafficking in violation of Title 18, United States Code, § 924( c)(1), a class A felony.

Hearings were conducted on the matter on October 25, 2007. The hearing Court disagreed with the defense position that (1) permitting law enforcement to locate property, take it into custody and thereafter search it, under the guise of "safe-guarding" property that was not in its custody in the first place, runs afoul of Fourth Amendment protections, and (2) that the government failed to meet their burden to establish law enforcement conducted an "inventory search" as such has been defined and articulated by the New York State Court of Appeals.

During pre-trial negotiations, the government indicated that they would recommend a period of five years incarceration upon a plea of guilty to both counts of the indictment. The defendant opted to exercise his constitutional right to a trial by jury.

The initial trial on this matter commenced on November 27, 2007. After a period of deliberations, on November 29, 2007, the jury announced that it was unable to reach a unanimous verdict, and a mistrial was declared.

After the mistrial, the Court entertained and thereafter granted Mr. Barrios' application for bail. On December 21, 2007, Mr. Barrios was released on a $200,000 bond, secured by the family home, located at 3 Adams Circle in Hammonton, New Jersey. Upon release from Federal custody, Mr. Barrios was subject to strict supervision, including weekly substance abuse testing, an early curfew, travel restrictions and electronic monitoring. Rafael Barrios was compliant with each and every term and condition of his pre-trial release. Further, although Mr. Barrios resides with his family in Hammonton, New Jersey, some 4 hours from New York City, Mr. Barrios and his family responded faithfully, diligently and dutifully to appear as directed by the Court.

The second trial on this matter commenced on February 25, 2008. On February 29, 2009, after a period of deliberations, the jury reached a verdict of guilty on both counts. At that time, Mr. Barrios was remanded back into the custody of the Federal Bureau of Prisons. As documented in the PSR prepared by the department of probation, there are no disciplinary records for Mr. Barrios during his time in federal custody.

Page 4
August 24, 2008
Honorable Robert Patterson

A pre-sentence investigation was conducted by United States Department of Probation. According to the terms of the pre-sentence report, Mr. Barrios faces an advisory guideline range of 51 to 63 months imprisonment on Count One, followed by the mandatory 60 month consecutive term of imprisonment on Count Two.

While the defense recognizes the serious nature and consequences of the crimes for which Mr. Barrios stands convicted, it is our hope, shared by Rafael and his family, that this Court will give due consideration to factors that support imposing a sentence that is "sufficient, but not greater than necessary". As supported by the letters from family and friends, as well as other documentary submissions, the defense seeks to demonstrate to this Court that Rafael is a young man with immense potential to live as a contributing, valuable and highly functioning member of society. It is notable that Mr. Barrios comes from a loving, supportive family with a strong work ethic. Prior to his arrest on this matter, Mr. Barrios was gainfully employed, steadily, since 16 years of age. It is our hope that in the near future, Rafael will be able to rejoin his loving family, re-integrate back into society, and embark on building a positive, constructive and beneficial future.

## GOVERNING LEGAL PRINCIPLES

In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court rendered the United States Sentencing Guidelines advisory. The Second Circuit has instructed that, although advisory, the sentencing court must still calculate the appropriate sentencing range under the guidelines, including any departure provisions. United States v. Crosby, 397 F.3d 103 (2d Cir.

2005). Once an applicable guideline range has been determined, the sentencing judge will have the duty, imposed by section 335(a)(4), to "'consider' it, along with all of the factors listed in section 3553 (a)." This Court must give due consideration to the factors identified in 18 U.S.C. § 3553(a), in order to impose a sentence "sufficient, but not greater than necessary." These factors are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established [by the Sentencing Guidelines] ...'
(5) any pertinent policy statement – ...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

After reviewing all of the section 3553(a) factors, it is the defense hope that this Court will find that a period of six months imprisonment on Count One, followed by the mandatory term of 60 months consecutive on Count Two, is a sufficient period of incarceration.

Page 6
August 24, 2008
Honorable Robert Patterson

**PERSONAL HISTORY**

Twenty-eight year old Rafael Barrios is the youngest of two children who come from an extremely connected and supportive family. The Barrios family in many ways exemplifies American ideals, the family is tightly knit and connected through the generations, the parents worked hard, saved their money, and were able to purchase a home close to other members of their extended family. Rafael's father and mother have modeled the value of hard-work as both worked steadily throughout Mr. Barrios upbringing. His father worked for over twenty-five years at Atlantic City Medical Center, and his mother, who is now medically retired due to Myasthenia Gravis disease, worked for over twenty years at the Trump casino in Atlantic City. Although Rafael's parents separated over a decade ago, his parents have maintained a caring and amicable relationship and presented a united support system throughout all stages of the pre-trial proceedings, as well as the two trials litigated before Your Honor.

Both Rafael and his older sister have followed in their parent's footsteps in adopting a healthy work ethic, strong commitment to their familial relationships, and productive lives. Rafael's 30 year-old sister Tanya Barrios also was present, her work schedule allowing, throughout the two trials litigated before this Court. At the time of the trial, Ms. Tanya Barrios was attending Richard Stockton College in New Jersey, working as a neo-natal nurse at Atlantic City Medical Center, and expecting her first child. Since that time, Ms. Barrios has had a son, Rafael's nephew Chase, and remains an ardent source of love, support and guidance for Rafael.

Page 7
August 24, 2008
Honorable Robert Patterson

**RAFAEL IS A CONTRIBUTING AND PRODUCTIVE MEMBER OF SOCIETY**

Rafael, a young man who has been gainfully employed since 16 years of age, has consistently demonstrated his ability and desire to contribute as a productive member of society. At the time of his arrest, Rafael had been working for two years, and was a valued employee, with Randazzo Construction (See Exhibit A, Letter from Joseph Randazzo, Jr.). Moreover, Rafael has been steadily and gainfully employed since the time he was in high school. (See Exhibit B, Diploma from Oakcrest High School). Further, Rafael has demonstrated his openness to pursuing productive avenues to bring positive benefits to himself and the society he lives in, such as obtaining vocational training (See Exhibit C, Certificate from Atlantic County Vocational School in Pastry Baking) and the numerous community service projects he voluntarily participated in (See Exhibit D, Letter from Lambda Theta Phi Latin regarding volunteer work for the Cystic Fibrosis Fund and Support for Victims of Hurricane Katrina; Exhibit E, Letter from Police Officer Melvin Murray regarding volunteer work as a Peer Athletic Advisor in the Venice Park After School Basketball League).

While Rafael is now incarcerated, at the time of his conviction he was working full-time at Randazzo Construction and simultaneously worked intermittently with AWL Construction. Defense counsel's conversations with Rafael's family, friends, and co-workers have established that, to a person, Rafael is known as a respectful, hardworking and well-liked young man. The fact that Rafael, a young man with such potential, who has a demonstrable desire to positively contribute to society, and who was headed stalwartly in the right direction, became connected to narcotics and criminal activity is a not only a monumental source of disappointment and loss to the Barrios family,

but to society in general.

### ATTESTATIONS OF RAFAEL BARRIOS' CHARACTER
### AND ABILITY TO BE A LAW ABIDING CITIZEN

Collectively attached hereto as "Exhibit G" are additional letters written by Rafael Barrios' family and friends. These letters capture Mr. Barrios' character, his giving nature, and the strong ethics and values of the people who support him. It is notable that two of the letters of support come from members of law enforcement, one from Detective Danny Adcock, who has known Rafael for 25 years, and one from Police Officer Melvin Murray, Jr., with whom Rafael volunteered in a community after-school program. The defense found that Mr. Barrios' arrest, connection to criminal activity and involvement in the criminal justice system was a great source of surprise and disappointment for those close to him. Although Rafael's involvement in the criminal justice system has been shocking, challenging, and at times heart-breaking, for Rafael's family and friends, they have expressed their continued belief in Rafael's future potential and remain committed to working together to support him in building a positive and rewarding future.

Throughout this situation it has been more than apparent that the supportive relationships that exists between Rafael and his extended family and friends remains intact, as evidence by frequent telephone calls of concern to our law office, and the letters of support attached here.

### RAFAEL BARRIOS IS UNABLE TO PAY A FINE

As confirmed by the department of probation in their PSR, Rafael Barrios does not have a

Page 9
August 24, 2008
Honorable Robert Patterson

current source of income. Further, an Equifax credit report generated by the department of probation confirmed that Mr. Barrios owes $250 toward an HSBC Bank charge account, $705 toward a Washington Mutual charge account, $533 owed to an account with Verizon, and $24,693 owed on an outstanding loan on the Chrysler seized and forfeited attendant to his arrest. Additionally, while Mr. Barrios was gainfully employed at the time of his arrest, he was earning a modest wage of $15.00 per hour. As such, the defense asserts that the defendant does not have the present or prospective ability to pay a fine of any significance, and respectfully requests that this Court not impose a fine.

## **REQUEST FOR COURT DIRECTIVE FOR INCARCERATION IN NEW JERSEY**

The defense further requests that this Court order that Rafael be housed in a New Jersey facility in order to facilitate continued connection with the family that stands ready to provide him with support, encouragement and guidance up until, and following, his release. In support of this request, the defense brings to the Court's attention the fact that Mr. Barrios' mother, Frances Barrios, suffers from Myasthenci Gravis Disease. (See Exhibit H). Frequently, and to varying degrees, the disease renders Ms. Barrios immobilized. At such times it will be most onerous, if not impossible, for Ms. Barrios to travel a great distance to visit her son. As such, it would be a great consolation to the Barrios family to have Rafael housed as close as possible to the family home in Hammonton, New Jersey.

Page 10
August 24, 2008
Honorable Robert Patterson

## **CONCLUSION**

The defense is hopeful that a review of this young man's personal history, work history, family connectedness, and his lack of significant contact with the criminal justice system will lead this Court to conclude that, while a period of incarceration is required under the law, societal and penalogical objectives are best served by Rafael's timely return to the positive support systems that exist within his extended family and community. The defense believes that such a determination recognizes that Rafael Barrios is a young man with the capacity to learn from this situation, an individual who has previously demonstrated a desire to be a positive and contributing member of society, and a person who has the potential to move forward to create a positive and productive future. As well stated in the letter of to the Court here submitted on behalf of Rafael's cousin, Louis Barrios (Exhibit F):

> "Rafael has the foundation to become a productive member of society given the opportunity. We all fear the effects that a long term sentence would have on Rafael. In conversations I have had with him I know he has grown from this experience and as unconventional as it sounds, I believe he has become a better person for realizing what is important to him as a man. He is a good young man with his entire life ahead of him. I ask the court to please have compassion in your sentencing of Rafael Barrios Jr."

The defense is hopeful that after review, this Court will conclude that such leniency is appropriate. It is the desire of all close to Rafael Barrios to see to it that the poor choices and detrimental circumstances he embroiled himself in become a part of his past, and to support him as he embarks on creating a positive future.

Page 11
August 24, 2008
Honorable Robert Patterson

On behalf of Rafael Barrios and his friends and family, the defense thanks you for your thoughtful consideration in the sentencing of Mr. Barrios.

Sincerely yours,

_____/s/_____

Toni Marie Angeli
(516) 745-0101